[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14623
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cv-00312-LC-EMT

KEVIN OWENS,

Plaintiff-Appellant,

versus

SCHWARTZ,
Captain,
BOQUIST,
Sgt.,
WATSON,
Assistant Warden,
WARDEN,
FRANCIS,
Officer, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 28, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Owens, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action without prejudice for previously having filed three frivolous complaints and not alleging an "imminent danger of serious physical injury," pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). He argues on appeal that the district court erred by adopting the magistrate judge's report and recommendation ("R&R") before the expiration of the 14-day time limit for filing objections. After thorough review, we affirm.

We "review for abuse of discretion a district court's treatment of a magistrate judge's report and recommendation." Williams v. McNeil, 557 F.3d 1287, 1290 (11th Cir. 2009). A district court abuses its discretion when it "has made a clear error of judgment, or has applied the wrong legal standard." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011) (quotation omitted). However, we review all appeals "without regard to errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111. We review de novo a dismissal under § 1915(g). Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Under 28 U.S.C. § 636, a district court may direct a magistrate to prepare an R&R containing proposed findings of fact and a recommended disposition for a

2

dispositive motion.  Id. § 636(b)(1).  The parties have 14 days from the day on which they receive the R&R to file objections.  Id.  The district court must conduct a de novo review of those portions of the R&R to which an objection is made.  Id.

Under the PLRA, indigent prisoners may proceed with a civil action if they partially pre-pay the filing fee.  28 U.S.C. § 1915(a)(1), (b)(1)-(2).  However, § 1915(g), commonly known as the "three strikes" provision, states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. § 1915(g).  After the third meritless complaint, a prisoner with three strikes must pay the full filing fee for each additional suit at the time that he initiates the suit.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

A prisoner who qualifies under imminent danger of serious physical injury at the time that he filed his complaint, however, can proceed IFP.  See Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 2004).  An allegation of past imminent danger will not invoke this exception.  Id. at 1193.  In determining whether a prisoner is in imminent danger, we look to the prisoner's complaint as whole, which must be construed liberally and the allegations of which must be accepted as true.  Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

3

In this case, we agree that the district court procedurally erred by adopting the R&R nine days after the magistrate issued the R&R, and five days before the expiration of the time period for Owens to file objections.  The district court also procedurally erred by failing to consider Owens's timely filed objections, which it received within 14 days of the issuance of the R&R.  See 28 U.S.C. § 636(b)(1).  Nevertheless, the errors did not affect Owens's substantial rights, because, as we discuss below, Owens's objections were meritless.  See 28 U.S.C. § 2111.

Owens, who had three strikes under the PLRA, needed to show that he was in "imminent danger of serious physical injury" in order to proceed IFP.  28 U.S.C. § 1915(g).  Taking the allegations in his complaint as true, he was assaulted by his cell mate, and various corrections officers refused to intervene.  Owens suffered various injuries, including a tear in his stomach lining, as a result.  Other officers ignored his specific requests, both before and after the assault, for protective custody based on threats he had received from his cell mate.

However, Owens was transferred out of Okaloosa CI after filing his complaint.  Accordingly, even if he had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed.  See Medberry, 185 F.3d at 1193 (holding that the plaintiff failed to show that he was in imminent danger of serious physical injury from being placed in the general population at the prison where he was housed when he

4

filed his complaint, because he had been transferred to another facility since filing the complaint).   His allegations of attacks at the facility to which he was transferred were insufficient to invoke the "imminent danger" exception, because he also asserted that prison officials there took action to protect him.   An allegation of past imminent danger will not invoke the "imminent danger" exception.   Id. Accordingly, Owens's objections to the R&R did not demonstrate that he was in imminent danger of serious physical injury.[1]

      **AFFIRMED.**

---

[1]    Finally, Owens's request for appointment of counsel on appeal is denied as unwarranted. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).