[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 07, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-14726
Non-Argument Calendar

_____

D.C. Docket No. 01-00638-CV-J-25

WILLIAM A. DUPREE,

Plaintiff-Appellant,

versus

R.W. PALMER, Officer sued in
his individual capacity and
official capacity,
A. A. HIGGS, Sgt., sued in his
individual capacity and
official capacity, et. al.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(March 7, 2002)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

William A. Dupree, a state prisoner, appeals the district court's order dismissing his *pro se* 42 U.S.C. § 1983 civil rights complaint. The district court dismissed Dupree's complaint without prejudice under the three strikes provision of 28 U.S.C. § 1915(g) without allowing him an opportunity to pay the filing fee. We affirm.

## I.

Dupree first argues that the district court abused its discretion by denying his motion to proceed *in forma pauperis* and then dismissing his § 1983 civil rights complaint under the three strikes provision of § 1915(g), without allowing him an opportunity to arrange payment of the $150.00 filing fee. Dupree argues that since the district court only denied his motion to proceed *in forma pauperis*, he should have been allowed an opportunity to pay the filing fee in order to proceed with his complaint.

This court reviews *de novo* the district court's interpretation of the Prison Litigation Reform Act's (PLRA) filing fee provision. *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir.), *petition for cert. filed*, (U.S. Nov. 19, 2001) (No. 01-7093). The "three strikes rule" of the PLRA states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (1994).

The purpose of the PLRA is to curtail abusive prisoner litigation. Section 1915 "only allows a prisoner to file three meritless suits at the reduced rate provided by that section." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Id.*

This court has not directly addressed whether the district court must give a prisoner an opportunity to pay the full filing fee prior to dismissing a § 1983 complaint pursuant to the three strikes provision of § 1915(g). We stated in *Vanderberg*, however, that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit.

This court has affirmed district courts' orders dismissing § 1983 complaints without prejudice pursuant to § 1915 in cases that raised other issues. *See Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1998) (holding that § 1915(g) does not violate a prisoner's right to access the courts, separation of powers, due process, or

3

equal protection); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) (noting Sixth Circuit's holding in *Wilson v. Yaklich*, 148 F.3d 596, 606 (6th Cir. 1998), that § 1915(g) does not violate *ex post facto* laws). Further, both the Ninth Circuit and the Sixth Circuit have affirmed district court's orders dismissing cases without prejudice under the three strikes provision of § 1915(g). *See Shabazz v. Campbell*, 12 Fed.Appx. 329, 330 (6th Cir. 2001) (unpublished) (stating that because prisoner's complaint clearly satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint); *McGee v. Myers*, 10 Fed.Appx. 528, 529 (9th Cir. 2001) (unpublished) (affirming district court's denial of prisoner's request for *in forma pauperis* status and dismissal of complaint without prejudice pursuant to § 1915(g)).

Thus, we conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit. Accordingly, in the instant case, we conclude that the district court did not abuse its discretion in dismissing Dupree's complaint without prejudice.

4

## II.

Dupree next argues that this case should be reversed and remanded to the district court because it is moot. According to Dupree, since he has now paid the filing fee for this case in full, his complaint is re-instated and the appeal is moot.

In *Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435 (11th Cir. 1987), we addressed the issue of mootness. We held that "[t]he case or controversy requirement of the Constitution requires that moot cases be dismissed; in a moot case, there is no longer the vitality and interest among the parties that our adversary system of justice requires." *Id.* at 1448. As the Supreme Court has made clear, the "burden of demonstrating mootness 'is a heavy one.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (citation omitted). In *County of Los Angeles*, the Supreme Court articulated a two part test for mootness:

> Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. We recognize that, as a general rule, voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot. But jurisdiction, properly acquired, may abate if the case becomes moot because
> > (1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur, and
> > (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

5

> When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law.

440 U.S. at 631, 99 S.Ct. at 1383 (citations and quotations omitted).

We further conclude that because Dupree's paying of the filing fee after the district court dismissed his complaint did not re-instate the complaint, this case is not moot.

For the foregoing reasons, we conclude that the district court properly dismissed Dupree's complaint without prejudice. Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**