[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 7, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16321
Non-Argument Calendar

_____

D.C. Docket No. 04-61158-CV-CMA

BRUCE SIMMONS,

Plaintiff-Appellant,

versus

WILLIAM J. ZLOCH, District Judge,
CHARLENE H. SORRENTINO,
TERRENCE J. THOMPSON,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(November 7, 2005)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Bruce Simmons, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to proceed in forma pauperis, dismissal of his civil complaint against Chief District Court Judge William J. Zloch, Magistrate Judge Charlene H. Sorrentino, and Assistant United States Attorney Terrence J. Thompson (collectively referred to as "Defendants"), and denial of his motion to reopen or reconsider, pursuant to 28 U.S.C. § 1915(g). On appeal, Simmons concedes that he qualifies for the "three-strikes" provision of § 1915(g), which prohibits the grant of in forma pauperis status to him. However, he asserts that § 1915(b)(4) carves out an "indigent prisoner" exception to the "three-strikes" provision and allows him to pay the filing fee over time after filing his complaint through withdrawals from his prisoner account.

"We review the interpretation of the filing fee provision of the PLRA [Prison Litigation Reform Act] de novo." Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). We "review the denial of [a] motion for reconsideration for an abuse of discretion." Cliff v. Payco General American Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004). A motion for reconsideration filed within 10 days of the judgment it seeks to reopen is properly designated as filed pursuant to Fed. R. Civ. P. 59(e). See Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003). When a district court rules upon a timely filed Rule 59(e) motion, both its ruling

2

on the motion and the underlying judgment are appealable to this Court. <u>Stone v.</u>

<u>INS</u>, 514 U.S. 386, 402-403, 115 S.Ct. 1537, 1547-48, 131 L.Ed.2d 465 (1995).

The "three-strikes" provision of the PLRA provides

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "After the third meritless suit, the prisoner must pay the full

filing fee <u>at the time he initiates suit</u>." <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236

(11th Cir. 2002) (quotation omitted) (emphasis added).

> [T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed <u>in forma pauperis</u> pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied <u>in forma pauperis</u> status. He must pay the filing fee at the time he <u>initiates </u>the suit.

<u>Id.</u> (emphasis in original).

Section 1915(b)(4) provides "[i]n no event shall a prisoner be prohibited

from bringing a civil action or appealing a civil or criminal judgment for the

reason that the prisoner has no assets and no means by which to pay the initial

partial filing fee." 28 U.S.C. § 1915(b)(4). The Fifth Circuit has held that

"[s]ection 1915(b)(4) pertains to the initial partial filing fee requirement of

3

§ 1915(b)(1). Moreover, it is subject to the 'three strikes' rule of § 1915(g), which applies to § 1915 as a whole." Patton v. Jefferson Correctional Center, 136 F.3d 458, 464-65 (5th Cir. 1998). We have held that "[t]he only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (emphasis added).

The district court did not err by denying Simmons's motion to proceed in forma pauperis and dismissing his complaint pursuant to § 1915(g), nor did it abuse its discretion by denying his motion to reopen or reconsider. Simmons concedes that he qualifies for the "three-strikes" provision of § 1915(g). There is no evidence in the record that Simmons paid the filing fee at the time he initiated the suit or that he is in imminent danger of serious physical injury. Therefore, the district court properly denied him in forma pauperis status and dismissed his complaint. Dupree, 284 F.3d at 1236. Simmons's argument that § 1915(b)(4) allows him to avoid § 1915(g) or pay the filing fee in installments after filing a complaint is without merit. See Patton, 136 F.3d at 464-65. Accordingly, the district court did not abuse its discretion by denying his motion to reopen or reconsider the case, and we affirm the district court.

**AFFIRMED.**