[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------
No. 06-16406
Non-Argument Calendar
-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 29, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00456-CV-4-MMP-WCS

CLARENCE ALLEN,

                                        Plaintiff-Appellant,

                    versus

HOWARD CLARK,

                                        Defendant-Appellee.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
-----------------------------------------------------------------

**(January 29, 2008)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Clarence Allen, a Florida prisoner proceeding pro se, appeals the dismissal, under 28 U.S.C. § 1915(g), of his section 1983 civil rights complaint, 42 U.S.C. § 1983.[1] No reversible error has been shown; we affirm.

Section 1915 of Title 28 allows indigent prisoners seeking to bring suit to do so without prepaying fully applicable filing fees. 28 U.S.C. § 1915(a) and (b). Section 1915(g) -- commonly known as the "three strikes" provision -- denies that allowance to a prisoner who has initiated at least three prior prison-generated lawsuits or appeals in courts of the United States that were dismissed as frivolous, malicious or failing to state a claim.[2]

The section 1983 complaint filed by Plaintiff and dismissed by the district court pursuant to section 1915(g) challenged the adequacy of the prison grievance procedure and claimed that the denial of Plaintiff's request to lobby on behalf of prisoners for implementation of a new grievance process violated Plaintiff's

---

[1]Plaintiff seeks to argue the merits of his case; he notes the procedural basis upon which the district court dismissed his complaint but fails to argue significantly this procedural basis. We must decide as an initial matter whether section 1915(g) bars the in forma pauperis filing of this suit.

[2]28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

constitutional rights. No imminent danger of serious physical injury was alleged. The magistrate judge's Report and Recommendation -- adopted by the district court -- concluded that Plaintiff earlier had filed three cases that qualified as "strikes"; so, this complaint was dismissed without prejudice to Plaintiff refiling and submitting the full filing fee.

We review de novo the district court's determination that an earlier case qualifies as a "strike" for purposes of section 1915(g). See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 127 S.Ct. 910 (2007). One case previously initiated by Plaintiff while incarcerated was dismissed for failure to state a claim. Another case was dismissed with prejudice as frivolous under 28 U.S.C. 1915(e)(2)(B). Each of those cases properly are considered a strike for purposes of section 1915(g). In a third case -- dismissed pursuant to a local failure to prosecute rule -- the district court concluded that Plaintiff's response (to the court's order to show cause why the case should not be dismissed for failure to prosecute and failure to serve process) was frivolous. Accordingly, the district court dismissed the action. We have determined that a dismissal based on a petitioner's abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious: "dismissal for abuse of the judicial

3

process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." <u>Rivera</u>, 144 F.3d at 731. A dismissal for failure to prosecute made in the light of a frivolous response to a show cause order is a strike for purposes of section 1915(g).

After <u>de novo</u> review, we conclude that section 1915(g) required dismissal of Plaintiff's complaint; absent applicability of the imminent danger exception, Plaintiff can file no federal civil action without submitting the full filing fee at the time suit is initiated. <u>See</u> <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

AFFIRMED.