[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13009
Non-Argument Calendar

_____

D. C. Docket No. 08-00011-CV-5

MELVIN JAMES JACKSON,

Plaintiff-Appellant,

versus

WARDEN DON JACKSON,
DOCTOR CHARLES HARDEN,
Doctor,
NURSE EDGY,
P.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 9, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Melvin James Jackson is a Georgia prison inmate. He sued certain prison officials under 42 U.S.C. § 1983 for supposedly acting with deliberate indifference towards his serious medical needs. The district court dismissed his lawsuit under 28 U.S.C. § 1915 after the court concluded that he was not eligible to proceed in forma pauperis. We vacate the decision of the district court and remand the case.[1]

Section 1915 allows a prisoner to file three frivolous lawsuits at a reduced rate. 28 U.S.C. §§ 1915(b), (g); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). After the third baseless complaint, however, a prisoner must pay the full filing fee. Dupree, 284 F.3d at 1236. The only exception is if the prisoner faces imminent danger of serious physical injury when he files suit. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Jackson does not dispute that he has already filed three frivolous lawsuits; thus, he may proceed in forma pauperis here only if he was in imminent danger of serious harm when he filed suit.

We believe Jackson has met this standard. In his complaint, Jackson claims that he has a hernia that causes him to suffer from severe pain in his testicles and abdomen, blood in his urine, nausea, and weight loss. Jackson contends that

---

[1]Jackson asks us to enter a default judgement in his favor and to reconsider our earlier order denying him leave to amend his appeal papers; we reject his requests.

without surgery, which the defendant prison officials will not approve,[2] he will continue to suffer from those injuries and may even face tissue death, gangrene, and internal bleeding. Based on these allegations, which we must construe liberally, accept as true, and view as a whole, <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004), we conclude that Jackson has sufficiently demonstrated that he was in imminent danger of serious physical injury when he filed suit. Jackson may proceed with his lawsuit <u>in forma pauperis</u>.

 VACATED and REMANDED.

---

[2]In his appeal papers, Jackson indicates that he received his surgery after filing his complaint. What effect this development has on his lawsuit, if any, we save for the district court.