[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10646
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cv-00002-JES-DNF

BRIAN MICHAEL CASEY,

Plaintiff-Appellant,

versus

MIKE SCOTT, Sheriff,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 30, 2012)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Brian Casey, a Florida state pre-trial detainee proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 action pursuant to the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Casey asks this Court to vacate the district court's order of dismissal because his prior complaints, on which the dismissal was based, should not have been dismissed. After careful review, we affirm.[1]

We review de novo the denial of a motion for leave to proceed in forma pauperis under the "three-strikes" provision of the PLRA. Dupree v. Palmer, 284 F.3d 1234, 1235 (11th Cir. 2002).

A prisoner may not proceed in forma pauperis in a civil action where he has, during his incarceration, filed three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). There is an exception where the prisoner is "under imminent danger of serious physical injury." Id. When this provision prevents the filing of an action, the court must dismiss the complaint without prejudice. Palmer, 284 F.3d at 1236.

The district court must search the record of the plaintiff's federal cases to determine if they were dismissed for the relevant reasons. Rivera v. Allin, 144 F.3d

---

[1] In addition, because we affirm the district court's dismissal of his complaint, we also DENY the motion for summary judgment he filed in this Court.

719, 726 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007).  Plaintiffs are bound by the judgments in their prior cases, and may not dispute their merits in order to challenge a "three-strikes" determination.  See Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948) (ruling that parties to a cause of action are bound by final judgments on the merits).  Rather, the proper avenue for challenging the merits of a final judgment is to appeal under the Federal Rules of Appellate Procedure.  See Fed.R.App.P. 3.

Here, Casey does not assert that he is in danger of physical injury, so the "three-strikes" rule applies to this case.  28 U.S.C. § 1915(g).  As the records show, the district court dismissed Casey's complaints on three prior occasions for failure to state a claim.  Casey did not appeal these dismissals, which was the proper avenue for challenging their merit.  See Fed.R.App.P. 3.  He is therefore bound by the judgments in his prior cases.  Sunnen, 333 U.S. at 597.  As a result, Casey cannot claim error in prior dismissals as a basis for challenging the court's ruling.  Therefore, we affirm the district court's dismissal of Casey's civil action pursuant to the "three-strikes" provision of the PLRA.

**AFFIRMED.**

3