[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13772
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00119-RLV


BYRON SCOTT WRIGHT,

Plaintiff-Appellant,

versus

POLK COUNTY,
BALDWIN COUNTY,
RANDALL HINES,
Ph.D, Interim Regional Hospital Administrator,
MICHAEL L. MURPHY,
Judge, Tallapoosa Judicial Circuit,
DONALD HOWE,
Judge, Tallapoosa Judicial Circuit, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 26, 2014)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Byron Scott Wright was involuntarily committed to Central State Hospital, a mental hospital, under the laws of Georgia by the Polk County Superior Court after the court found him not guilty of aggravated assault and aggravated battery by reason of insanity. Proceeding *pro* se, he brought this civil rights action for damages under 42 U.S.C. § 1983 alleging that defendants denied him his constitutional rights to a jury trial and to confront his accusers.[1] Wright did not pay the filing fee, but sought leave to leave to proceed *in forma pauperis*.

The case was referred to a Magistrate Judge. The judge recommended that the District Court deny Wright leave to proceed *in forma pauperis* for the following reasons.

> A prisoner may not bring a civil action in federal court *in forma pauperis* if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Plaintiff has filed more than three prior cases while incarcerated that were dismissed either as frivolous or for failure to state a claim. *See Wright v.PolkCnty.*, No. 4:12-CV-0256-RLV (N.D. Ga. Nov. 29, 2012); *Wright v. Cedartown Standard*, No. 4:11-CV-0293-RLV (N.D. Ga. Jan. 6, 2012); *Wright v. Polk Cnty.*, No. 4:10-CV-0136-RLV

---

[1] The Magistrate Judge, and the District Court in adopting the Magistrate Judge's recommendation as indicating in the text, declined to treat Wright's complaint as a 28 U.S.C. § 2254 petition to set aside the Superior Court's order of confinement because Wright had not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1). *See* Final Report and Recommendation at 1, n.1.

2

(N.D. Ga. Nov. 15, 2010); *Wright v. Crane*,  No. 4:10-CV-0135-RLV (N.D. Ga. Nov. 15, 2010); *Wright v. Dodd*, 4:10-CV-0134-RLV (N.D. Ga. Nov. 10, 2010); *Wright v. Polk Cnty.*, 4:10-CV-0133-RLV (N.D. Ga. Nov. 8, 2010); *Wright v. McClendon*, No. 4:10-CV-0132-RLV (N.D. Ga. Nov. 2, 2010).  Plaintiff does not allege a current
imminent threat of serious injury in this case.  Therefore, pursuant to § 1915(g), plaintiff cannot proceed *in forma pauperis* in this action.

*See* Final Report and Recommendation at 2.  The District Court adopted the

Magistrate Judge's recommendation and dismissed Wright's complaint without

prejudice for failure to pay the filing fee.  He now appeals.

We review  *de novo* the District Court's interpretation of the PLRA "three

strikes provision" regarding the payment of a filing fee.  *Dupree v. Palmer*, 284

F.3d 1234, 1235 (11th Cir. 2002).  The PLRA prohibits a prisoner from proceeding

*in forma pauperis* if the prisoner has "on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim."  28 U.S.C. § 1915(g).  The purpose of this provision is to

curtail abusive prisoner litigation, and after three meritless suits, the prisoner is no

longer permitted to file a suit at the reduced rate provided by 28 U.S.C. § 1915.

*Dupree*, 284 F.3d at 1236.  We have held that the prisoner must pay the full filing

fee "at the time he *initiates* the suit."  *Id.* (emphasis in original).  If the prisoner

fails to do so, then the proper procedure is to dismiss the complaint without

prejudice.  *Id.*

Wright does not contest the District Ccourt's finding that he has had three previous actions dismissed as frivolous or for failure to state a claim, and thus that issue is abandoned.  Thus, the only remaining issue is whether he paid the filing fee at the time he initiated the action.  The District Court docketed the complaint on May 15, 2013, and the first payment for the filing fee, which was only partial, was received and processed on May 22, 2013.  Thus, Wright failed to pay the filing fee "at the time he initiate[d] the suit."  *See Dupree*, 284 F.3d at 1236.

AFFIRMED.