[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10771
Non-Argument Calendar

_____

D.C. Docket No. 3:13-cv-00460-MCR-EMT

DAN SCHMIDT,

Plaintiff-Appellant,

versus

RICHARD RODRIGUES, et al.,

Defendants,

FLORIDA FIRST DISTRICT COURT OF APPEALS,
FLORIDA SUPREME COURT,
STATE OF FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 29, 2016)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Daniel K. Schmidt, a Florida prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 suit.  The district court dismissed Schmidt's civil rights action under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous, or in the alternative under the "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]  In his second amended complaint, Schmidt alleged various claims against the Florida First District Court of Appeal (DCA), the Florida Supreme Court, and the State of Florida based on the First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution.[2]

---

[1] The PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[2] In addition to other forms of relief, Schmidt sought: (1) a declaratory judgment stating that "all orders, judgments, mandates and the like" of the First DCA and the Florida Supreme Court are void; (2) an injunction "directing the state to conduct [a] new sentencing hearing in the trial court"; and (3) a declaratory judgment saying Schmidt's constitutional rights were violated because: (a) he was not provided "notice and an opportunity to respond" before sanctions were imposed, (b) the First DCA erroneously classified his forty-six prior actions as frivolous, (c) the First DCA did not provide notice and an opportunity to litigate the frivolity determinations at the time the appellate proceeding was pending, (d) the First DCA "hid[] behind a mere denial" without making "findings of fact and conclusions in law," (e) the First DCA prevented Schmidt from seeking "meaningful discretionary review" in the Florida Supreme Court, the U.S. Supreme Court, and a U.S. district court, (f) the First DCA forced him "to properly exhaust all available state remedies to try and obtain relief that was already ordered," and (g) the First DCA forced him "to serve a vacated and void sentence."

Schmidt argues on appeal that the district court abused its discretion by denying his motion for leave to file a third amended complaint, which he filed before the district court dismissed his claim.  He also argues that the district court abused its discretion by denying his motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and his motion to make additional findings pursuant to Rule 52(b).  Lastly, Schmidt contends that the district court abused its discretion by denying his motion for leave to proceed in forma pauperis (IFP) on appeal.

I.

Schmidt first argues that the district court erred in denying him leave to file a third amended complaint.  Under Rule 15(a), parties may amend their pleadings once as a matter of course, but after that, a pleading may be amended only with leave of the court or the opposing party's written consent.  Fed. R. Civ. P. 15(a)(1)–(2).  Courts "should freely give leave when justice so requires."  Id. 15(a)(2).  However, a court need not give an opportunity to amend "where amendment would be futile."  Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam) (quotation omitted).  We review for abuse of discretion a district court's denial of leave to amend a complaint but review de novo any legal conclusion as to whether the amendment would have been futile.  SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1336 (11th Cir. 2010).

3

Because Schmidt is a pro se prisoner, his motion for leave to amend is deemed filed on the date he submitted it to prison authorities. United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012). Schmidt's motion was filed on December 30, 2014, before the district court issued its judgment in his case on January 7, 2015. The district court therefore erred in denying Schmidt's motion on the ground that "the case ha[d] been dismissed."

However, this error was harmless because Schmidt's amendment would have been futile, so the district court was not required to give him an opportunity to amend his complaint a third time. See Corsello, 428 F.3d at 1014. Schmidt's amendment would have been futile because his suit was properly dismissed under the PLRA's three strikes provision, which bars a prisoner who has filed three or more complaints that have been dismissed as frivolous, malicious, or for failure to state a claim from proceeding IFP. 28 U.S.C. § 1915(g). After three meritless suits, the prisoner must pay the full filing fee when he initiates suit; his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). The only exception is if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The magistrate judge took judicial notice of three civil actions previously filed by Schmidt while he was incarcerated that were dismissed as frivolous or malicious. See Schmidt v. Fauchuex, No. 5:94-cv-50258 (N.D. Fla. Oct. 5, 1994);

4

Muder v. Wooten, No. 5:95-cv-50235 (N.D. Fla. Dec. 1, 1995); and Schmidt v.

Wade, No. 5:95-cv-50215 (N.D. Fla. Nov. 8, 1995).  Given these three dismissals,

Schmidt could not bring this civil action IFP unless he was "under imminent

danger of serious physical injury."  28 U.S.C. § 1915(g).  Neither Schmidt's

previous complaints nor his third amended complaint alleged any facts indicating

that his action fit this exception.  The third amendment would have been futile and

the district court's error in denying it was harmless.[3]

## II.

Schmidt also argues that the district court erred in denying his Rule 59(e)

and Rule 52(b) motions.  Rule 59(e) allows the court to alter or amend a judgment

on a party's motion.  Fed. R. Civ. P. 59(e).  Rule 52(b) permits the court to amend

---

[3] Schmidt's claims were also barred by the Rooker-Feldman doctrine.  See Rooker v. Fid. Tr. Co.*,* 263 U.S. 413, 44 S. Ct. 149 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).  This doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."  Nicholson v. Shafe, 558 F.3d 1266, 1268 (11th Cir. 2009) (quotation omitted).  It applies when the success of the federal claim would "effectively nullify the state court judgment" or the federal claim "succeeds only to the extent that the state court wrongly decided the issues."  Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam) (quotations omitted).  However, the doctrine will not bar a federal claim that a party did not have "reasonable opportunity to raise . . . in state proceedings."  Id. (quotation omitted).

The Florida First DCA affirmed the denial of Schmidt's Florida Rule of Criminal Procedure 3.850 motion and imposed sanctions in 2010.  When Schmidt commenced this federal action on August 7, 2013, state court proceedings were final for Rooker-Feldman purposes.  If Schmidt had succeeded in obtaining the relief he requested from the district court, which included voiding all judgments of the First DCA and overturning its frivolity determinations on his forty-six prior actions, it would have "effectively nullif[ied] the state court judgment."  Id. (quotation omitted).  In addition, Schmidt had a "reasonable opportunity" to bring his federal claims in the state proceedings.  Id. (quotation omitted).  As such, the district court's alternative reason for dismissing Schmidt's action under the Rooker-Feldman doctrine also rendered amendment futile.

its findings or make additional findings on a party's motion. Fed. R. Civ. P. 52(b). We review the denial of a Rule 59(e) or Rule 52(b) motion for abuse of discretion. Lambert v. Fulton Cty., 253 F.3d 588, 598 (11th Cir. 2001); Trigo v. Fed. Deposit Ins. Corp., 847 F.2d 1499, 1504 (11th Cir. 1988). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotation and alteration omitted). "A Rule 59(e) motion cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quotation and alterations omitted).

Schmidt pointed to no new evidence requiring alteration of the judgment or additional findings. His complaint merely changed the defendants and then restated similar claims for relief. The district court did not abuse its discretion by denying Schmidt's Rule 59(e) and Rule 52(b) motions.

### III.

Finally, Schmidt contends that the district court abused its discretion by denying his motion for leave to proceed IFP. In fact, the district court granted Schmidt IFP status before it received the archived information establishing Schmidt's PLRA strikes. Although withdrawal of IFP status was warranted, the district court opted not to do so because the Rooker-Feldman doctrine provided an

6

alternative ground for dismissal.  Schmidt's final claim is therefore not supported by the record.

**AFFIRMED.**