[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13257
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00138-MTT-CHW

WASEEM DAKER,

Plaintiff - Appellant,

versus

PATRICK H. HEAD,
District Attorney, Cobb County,
JESSE D. EVANS,
Assistant District Attorney, Cobb County,
JUDGE MARY E. STALEY,
Superior Court Cobb County,
COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
TIMOTHY WARD,
Assistant Commissioner, GDOC, et al.,

Defendants - Appellees,

UNITED STATES OF AMERICA,

Intervenor.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 9, 2018)

Before WILSON and JORDAN, Circuit Judges, and GRAHAM,[*] District Judge.

PER CURIAM:

Waseem Daker, a Georgia inmate, appeals the dismissal of his complaint and denial of his motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. On appeal, Daker argues that the district court's three-strike determination was erroneous.

During his incarceration for murder, Daker has filed over a hundred pro se suits. In April 2014, Daker filed a complaint under 42 U.S.C. § 1983 against various individuals involved in his incarceration. Daker also filed a motion to proceed IFP under 28 U.S.C. § 1915. Ordinarily, under the Prison Litigation Reform Act, "a federal litigant who is too poor to pay court fees may proceed [IFP]," meaning that "the litigant may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015); 28 U.S.C. § 1915(a)(1). But the PLRA also contains a so-called three strikes provision, which prevents a prisoner from qualifying for IFP status if he has

_____

[*] Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

2

filed three or more federal actions or appeals that were dismissed as "frivolous, malicious," or "fail[ing] to state a claim . . . ."  28 U.S.C. § 1915(g). The district court identified five strikes against Daker, dismissed his complaint without prejudice, and denied his IFP motion.  Daker appealed.  We dismissed Daker's original appeal for failure to pay docketing fees.

Two years later, Daker once again appeared before us in a separate appeal. *See Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278 (11th Cir. 2016) (*Daker I*).  In *Daker I*, we held that six of Daker's cases were not strikes under § 1915(g).  The district court in the instant appeal relied on three of those cases to determine Daker's three-strike status.[1]  Following *Daker I*, we granted Daker's motion to reinstate his appeal in the instant litigation.

A prisoner's three-strike status under section 1915(g) is determined when he "bring[s] a civil action or appeal," 28 U.S.C. § 1915(g), for which he seeks to proceed IFP.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) ("*After* the third meritless suit, the prisoner must pay the filing fee *at the time he initiates suit*.")

---

[1] The district court identified five of Daker's previous actions as strikes: *In re Daker*, No. 12-12072 (11th Cir. Aug. 6, 2012); *In re Daker*, No. 12-12073 (11th Cir. July 12, 2012); *Georgia v. Daker*, No. 12-12519 (11th Cir. Nov. 5, 2012); *In re Daker*, No. 11-11937 (11th Cir. June 3, 2011); *In re Daker*, No. 12-14369 (11th Cir. Dec. 11, 2012).  In *Daker I*, we held the first three cases are not strikes.  *See Daker I*, 820 F.3d at 1283–84.  Although not necessary to disposition of this appeal, we also recently held that a fourth case on which the district court relied is not a strike.  *See Daker v. Head*, 730 Fed. App'x 765, 767 (11th Cir. April 6, 2018) ("Daker voluntarily dismissed *In re Daker*, No. 11-11937 (11th Cir. Aug. 24, 2011), so the district court erred in concluding that it counted as a strike.").

3

(emphasis added). For a civil proceeding in district court—like Daker's section 1983 suit—the operative filing is the complaint. For an appeal, the operative filing is the notice of appeal. There may very well be strikes among the litany of cases Daker filed after his complaint. But that is inconsequential to the three-strike determination in this action. Because at least three of the five filings relied upon by the district court do not count as strikes after *Daker I*, the district court erred in denying Daker's IFP motion and dismissing his complaint.[2]

The judgment of the district court is reversed, and this action is remanded for further proceedings consistent with this opinion.

**REVERSED.**

---

[2] Daker makes several other arguments on appeal. He argues: first, that even if he did have three strikes, he fell under the "imminent danger" exception in section 1915(g); second, that the district court erred in denying his motion to vacate under Federal Rule of Civil Procedure 59(e); third, that he was entitled to notice and an opportunity to respond before the district court dismissed his complaint and denied his IFP motion *sua sponte*; and finally, that the three-strike provision of section 1915 is unconstitutional as applied to him. Because we reverse on the district court's three-strike determination, we decline to reach these arguments.