[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14631
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-03871-SCJ

LESTER J. SMITH,

                                                            Plaintiff-Appellant,

versus

TIMOTHY WARD, COMMISSIONER, GEORGIA DEPARTMENT
OF CORRECTIONS,
SHARON LEWIS, Medical Director,
D/W JOHNSON, Deputy Warden of Care and Treatment,
JOE DOE, Contractor at Augusta University,
JANE DOE, Contractor at Augusta University,[1]

                                                            Defendant-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 5, 2021)

---

[1]     The Clerk's Office is directed to correct the caption of this appeal as reflected in our opinion.

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Lester J. Smith, proceeding with counsel on appeal, challenges the district court's denial of his motion for leave to proceed in forma pauperis and sua sponte dismissal without prejudice of his pro se complaint pursuant to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915(g).[2]  Smith is an incarcerated individual who has chronic hepatitis C ("HCV") and is seeking treatment—curative medicines and not just lab work—in this suit against the defendants who Smith alleges are prison officials and others denying him care.[3]  The sole issue that we address is whether Smith's allegations, when taken as true as we must in the present posture of this case, satisfy the exception to the three strikes rule—i.e., whether Smith has plausibly alleged that he is under imminent danger of serious physical injury.

In particular, Smith alleges in his complaint that in 2019 he requested, but was denied, medicine for his HCV and is left to suffer from his condition.  He alleges his HCV is producing "sores throughout his body, fatigue[], vomit[]ing,

_____

[2]    A judge of this Court granted Smith's motion for appointment of counsel, and two attorneys from the University of Virginia School of Law were appointed as appellate counsel. A judge of this Court also granted Smith's motion for leave to proceed in forma pauperis on appeal because Smith "has sufficiently alleged that he is under imminent danger of serious physical injury" pursuant to 28 U.S.C. § 1915(g) and Smith's appeal is not frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

[3]    No Defendant-Appellee has appeared in this appeal.

pain in the liver area, jaundice of skin and eyes . . . [l]oss of appetite at times, hemorr[h]aging, [and] deterioration of other bodily organs." While he alleges that he has blood drawn for lab work, he contrasts this with the lack of curative treatment or medicines.   He describes an instance in 2019 where he requested further treatment but was told by one defendant that he could not treat him for "non medical reasons because his 'hands are tied' to approve of plaintiff's treatment." Smith alleges that he has also been told his lack of manifestation of fibrosis, cirrhosis of the liver, or liver cancer—which are otherwise required pursuant to the defendants' policy for further treatment—are reasons why he is not permitted to receive further care.  "Despite [the defendant's] knowledge of said HCV care" and Smith's "serious medical need [for] HCV treatment," Smith alleges he "is refused [treatment] for non medical reasons," and the defendants "allow him to continuously suffer the dangers of untreated HCV, which leads to death."

Smith argues on appeal that his allegations are consistent with a diagnosis of HCV at the F2 level, or worse, on the standard scale of progressive fibrosis of the liver, which he says requires further treatment.

For the reasons stated below, we vacate and remand.

I.

Section 1915(g) bars a prisoner from proceeding in forma pauperis in a civil action when he "has, on 3 or more prior occasions, while incarcerated or detained

3

in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." The only exception to this three strikes rule is the situation where "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Smith conceded before the district court, as he does now, that he has three strikes and that he must demonstrate the "imminent danger" exception to proceed with his present case.

Before the complaint was served, the magistrate judge assigned to this case recommended that Smith's in forma pauperis motion be denied and his complaint dismissed because Smith's allegations did not support a finding of imminent danger. In particular, the magistrate judge explained that Smith "alleges what he feels is inadequate – i.e., not 'current' or 'curative' – treatment of his HPV [sic], from which he has suffered since before his incarceration," and similar to Smith's prior cases, Smith only alleged that prison officials failed to provide him with the specific treatment he desires, not "that the absence of one specific treatment over another places him in imminent danger of serious physical injury." Thus, the magistrate judge recommended that Smith's complaint be dismissed without prejudice pursuant to our decision in Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

4

The district court adopted the magistrate judge's report and recommendation over Smith's objection. The court explained that Smith's "assertions of imminent danger are inadequate because his claims that he is not receiving proper treatment for his hepatitis C infection, from which he has suffered since before his incarceration, fail to show that the absence of one specific treatment over another places him in imminent danger of serious physical injury." The district court went on to say that "[i]n any event, his claim that he is in imminent danger because of the mistreatment of his hepatitis C has already been rejected" in prior lawsuits.[4] And Smith's objection to the report and recommendation "merely reargue[d] his assertion that he is under imminent danger because of his medical condition."[5]

---

[4]    The district court cited two of Smith's prior cases. First, in 2016 Smith filed a motion to reinstate his appeal before this Court after it had been administratively dismissed. Two judges of this Court denied the motion and explained that there was no factual nexus between Smith's appeal and the imminent-danger allegations in Smith's reinstatement motion. Smith v. Warden, No. 14-11072, slip op. at 2 (11th Cir. Feb. 2, 2016), ECF No. 13. Smith had asserted in his motion that he was being denied a new HCV drug that was approved in 2013, and Smith's complaint in the action that had been appealed was filed before that date, meaning necessarily Smith could not have had the same claim of deliberate indifference for failure to prescribe that drug. Id. Further, Smith admitted that he was receiving another form of hepatitis therapy. Id.

Second, another district court dismissed a 2016 action filed by Smith. The magistrate judge in that case explained that "Plaintiff has had hepatitis C for at least eight years but does not have cirrhosis or liver cancer, does not need a liver transplant, and is not near death," and that there were no symptoms alleged that prison officials were failing to treat. Smith v. Bryson, No. 4:16-CV-322-HLM-WEJ (N.D. Ga. Nov. 21, 2016), ECF No. 6, report and recommendation adopted (Dec. 6, 2016), ECF No. 9. "Although prison officials are not providing the specific treatment that plaintiff desires," the magistrate judge continued, Smith "fails to allege sufficient facts showing that the absence of that specific treatment constitutes a genuine emergency." Id.

[5]    The district court also included one sentence stating, "Moreover, as Plaintiff is not incarcerated in this District, this Court is the improper venue to adjudicate his claims regarding his medical treatment." But the court did not purport to dismiss the complaint based on improper

II.

This Court reviews de novo a district court's dismissal of a complaint pursuant to the three strikes provision. Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017). We liberally construe and accept the allegations as true in pro se pleadings when determining whether the plaintiff falls within the imminent danger exception. Id. at 874; Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

"[T]he issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). That is, "[t]he issue is not whether each specific physical condition or symptom complained of might constitute serious injury, but, rather, whether the complaint, as a whole, raises sufficient allegations." Wright v. Sprayberry, 817 F. App'x 725, 728 (11th Cir. 2020) (citing Mitchell, 873 F.3d at 874). "A three-strike prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.'" Owens v. Centurion Med., 778 F. App'x 754, 757 (11th Cir. 2019) (quoting Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999)). "[P]ast harm is

---

venue. Nor did it explain how the plaintiff's location was dispositive of the venue inquiry. Further, Smith's complaint alleges specifically with respect to venue that "Plaintiff lays venue in this court per 28 U.S.C. § 1391 . . . as defendants Ward, Lewis reside in office in Atlanta, GA," which is in the Northern District of Georgia. Thus, the venue issue is not a basis to affirm the dismissal of Smith's complaint now.

insufficient to meet the imminent-danger requirement." Daker v. Robinson, 802 F. App'x 513, 515 (11th Cir. 2020) (citing Medberry, 185 F.3d at 1193).

Our Court has held that a failure to treat HCV—the condition Smith suffers from—has constituted a threat of imminent danger in certain circumstances. See Furman v. Warden, 827 F. App'x 927, 934 (11th Cir. 2020) ("[A] prisoner's allegation of 'a complete lack of treatment for his hepatitis C' is sufficient to show that he is in 'imminent danger of serious physical injury' under 28 U.S.C. § 1915(g)." (quoting Mitchell, 873 F.3d at 874)). For example, in Mitchell v. Nobles, the plaintiff demonstrated imminent danger by alleging, "Plaintiff [ ] informed all the Defendant(s) . . . that Plaintiff's 'Hepatitis C,' which Plaintiff's medical records will confirm this existing condition, and the lack of treatment CIRRHOSIS has begun," and stating that "the prison staff failed to provide him 'medication and/or treatment.'" 873 F.3d 869, 874 (11th Cir. 2017). When construed liberally, these allegations "plainly claim[ed] (1) 'the lack of treatment' for hepatitis C, and (2) that this lack of treatment caused cirrhosis to begin." Id. The Mitchell court rejected the defendants' argument and the district court's conclusion that the plaintiff's claim was that he was not being provided the newest available treatment because while the plaintiff stated as much—that he was not in fact receiving that new treatment—there was no indication that he was receiving

any treatment at all.  Id.  Therefore, the plaintiff fell within § 1915(g)'s exception for imminent danger.

Similarly, in Brown v. Johnson, the plaintiff's allegations regarding his hepatitis and HIV indicated imminent danger.  387 F.3d 1344, 1350 (11th Cir. 2004).  His doctor had stopped prescribing treatment, resulting in prolonged skin and scalp infections, severe eye pain, fatigue, and prolonged stomach pain.  Id.  Viewing these problems with the plaintiff's "alleged danger of more serious afflictions if he is not treated constitute[d] imminent danger of serious physical injury."  Id.

Smith also directs us to our Court's recent decision in Hoffer v. Secretary, Florida Department of Corrections, 973 F.3d 1263 (11th Cir. 2020).  In Hoffer, we reversed in part and vacated in part the entry of a permanent injunction requiring Florida prison officials treat all HCV-positive inmates with "direct acting antiviral" drugs ("DAAs")—the state-of-the-art treatment for HCV—arising from an Eighth Amendment challenge.  This partial reversal was based on the constitutional soundness of the Secretary of the Florida Department of Corrections' treatment plan which required DAAs be provided to only certain patients.  973 F.3d at 1266.

Smith highlights the Hoffer court's implicit approval of the Secretary's treatment plan as it related to HCV patients at the F2 stage on the standard scale of progressive liver fibrosis.  "Liver fibrosis can be measured, or staged, on a five-

8

step scale, in ascending order of severity, from F0 (no fibrosis) to F1 (mild fibrosis) to F2 (moderate fibrosis) to F3 (severe fibrosis) to F4 (cirrhosis)." Id. at 1267. Pursuant to the plan, "the Secretary treat[ed] all HCV-positive inmates at the F2 level and above with DAAs." Id. at 1272. And for "those at the F0 and F1 levels, the Secretary monitor[ed] their conditions and provide[d] DAA treatment to those who either (1) have an exacerbating illness, such as HIV, (2) exhibit signs of rapid fibrosis progression, or (3) advance to F2." Id.

The Hoffer court held that the district court erred in concluding that the Eighth Amendment required more for the treatment of F0 and F1 patients; no error was found with respect to the plan for the F2 stage and beyond. The Secretary's medical expert, whose recommendations formed the plan, had testified that "it is sufficient to prescribe DAAs to inmates at level F2 and above, to monitor F0- and F1-level inmates, and to provide DAAs to F0s and F1s who either have underlying co-conditions or whose disease seems to be progressing rapidly." Id. at 1273. In contrast, the plaintiffs' expert concluded that all HCV-positive inmates should receive DAAs regardless of stage of severity or underlying condition. Id. Because the plaintiffs were receiving care, "and because the adequacy of that care [wa]s the subject of genuine, good-faith disagreement between healthcare professionals," when "'[m]easured against constitutional minima,' the Secretary's plan

9

'evidence[d] at least tolerable and responsive medical treatment." Id. (quoting

Harris v. Thigpen, 941 F.2d 1495, 1507 (11th Cir. 1991)).

III.

We hold that Smith adequately alleges the threat of imminent danger of

serious physical injury.  Smith alleges that he has HCV that has caused "sores

throughout his body, fatigue[], vomit[]ing, pain in the liver area, jaundice of skin

and eyes . . . [l]oss of appetite at times, hemorr[h]aging, [and] deterioration of

other bodily organs."   Read liberally, and in light of our case law and the medical

sources cited,[6] these allegations of Smith's symptoms are plausibly consistent with

Smith's argument that he has progressed to the F2 stage or beyond, where mere

monitoring cannot avoid imminent danger of serious physical injury.  Taking

Smith's allegations of imminent danger as true, as we must at this stage, he has

alleged the imminent danger of serious physical injury necessary to trigger the

exception to the three strikes rule.

We, of course, are not deciding that Smith is entitled to any medicine now,

nor that the decisions in his past cases were wrong.  Rather, the inquiry required

---

[6]     See Opening Br. at 5 & n.5 (citing Symptoms and Causes of Cirrhosis, Nat'l Inst.
Diabetes & Digestive & Kidney Diseases (Mar. 2018), https://www.niddk.nih.gov/health-
information/liver-disease/cirrhosis/symptoms-causes ("Early symptoms of cirrhosis may include
. . . feeling tired or weak[,] poor appetite[,] . . . nausea and vomiting[.] . . . As liver function gets
worse, you may have other symptoms, including . . . yellowish tint to the whites of your eyes and
skin, called jaundice[.]"); When and in Whom to Initiate HCV Therapy, Am. Ass'n for Study of
Liver Diseases (Nov. 6, 2019), https://www.hcvguidelines.org/evaluate/whenwhom (indicating
jaundice is consistent with the F3 or F4 stage)).

pursuant to § 1915(g) indicates that Smith's current complaint alleges that he is imminently threatened with danger without further treatment. Therefore, the district court erred in concluding otherwise and by dismissing his complaint pursuant to Dupree.

The district court addressed only the issue of the three strikes bar and its exception, imminent danger of serious physical injury, as the basis for its decision. Similarly, we address only this issue, preferring that the district court address other issues on remand.

IV.

Therefore, we conclude that the district court erred in denying Smith's motion for leave to proceed in forma pauperis and dismissing his complaint without prejudice. This action is remanded for proceedings not inconsistent with this opinion.

VACATED and REMANDED.

11