[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-11449

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF THE GEORGIA DEPARTMENT OF
CORRECTIONS,
ASSISTANT COMMISSIONER, DEPARTMENT OF
CORRECTIONS,
WARDEN,
Facility Director,
STEVE UPTON,
Deputy Facility Director,
OTIS STANTON,

Statewide Tier Coordinator, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:17-cv-00110-JRH-BWC

_____

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Waseem Daker, a serial litigator and Georgia prisoner pro-ceeding *pro se*, appeals following the dismissal of his civil action raising claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), where he had also sought to proceed *in forma pauperis* ("IFP"). The district court dismissed Daker's complaint without prejudice for three independent reasons: (1) He, as a prisoner, had three previous "strikes"—cases previously dismissed as either frivolous or malicious or for failure to state a claim—under the Prison Litigation Reform Act ("PLRA"), and he didn't qualify for the "imminent danger of serious physical injury" exception to proceed IFP; (2) he abused the judicial process by misrepresenting his financial assets and not disclosing his prior and active litigation history; and (3) he failed to exhaust available administrative remedies. On appeal, Daker disputes each of these

reasons and also argues that the district court erred when it denied him leave to amend his complaint. We hold that the district court correctly concluded that Daker didn't qualify for the "imminent danger of serious physical injury" exception to the PLRA's three-strikes rule and properly dismissed his case without prejudice. Because we affirm on this ground, we don't reach the others. We also conclude that the court didn't abuse its discretion by denying Daker leave to amend his complaint.[1]

Under the PLRA, a prisoner may not proceed IFP and instead must pay the court's full filing fee at the time he brings suit if he has previously had at least three cases dismissed for being either frivolous or malicious or for failure to state a claim. 28 U.S.C. § 1915(g). "[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). Daker concedes that he has at least three strikes under this rule.

The only exception to the three-strikes rule is if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "To satisfy this exception, the prisoner must show he is

---

[1] "This court reviews *de novo* the district court's interpretation of the Prison Litigation Reform Act's (PLRA) filing fee provision." *Dupree v. Palmer*, 284 F.3d 1234, 1235 (11th Cir. 2002) (per curiam). "We review a district court's denial of leave to amend under the abuse of discretion standard." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1275 (11th Cir. 2018).

in imminent danger at the time that he seeks to file his suit in district court": "Allegations that the prisoner has faced imminent danger in the past are insufficient." *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quotation omitted). While we construe the plaintiff's complaint liberally and accept its allegations as true, "[g]eneral assertions . . . are insufficient to invoke the exception . . . absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* at 1311 (quotation omitted). Moreover, the alleged imminent injury must be sufficiently "serious": It must be "severe" or "life-threatening." *Id.* at 1313.

Daker has failed to allege an imminent danger of serious physical injury. Daker's complaint alleges that the prison-official defendants will forcibly shave his beard, exposing him to the supposedly serious, imminent physical dangers of (1) the defendants' use of physical force and (2) being shaved with "unsanitized clippers." The problem for Daker is that he filed an almost identical suit in a different district in 2017, *see* CM/ECF for M.D. Ga., No. 5:17-cv-00025, Doc. 1-1 at 28, and both the district court and this Court rejected his claim that the threat of forced shaving made him eligible for the imminent-danger exception to the PLRA. Specifically, we held that Daker's allegation that he could contract an infectious disease from unsanitary clippers was "not sufficient[ly] . . . 'imminent' for purposes of § 1915(g)." *Daker*, 999 F.3d at 1312. We also held that to the extent that force would be used to effectuate the prison's grooming policy, "the kinds of minor injuries Daker

alleges were caused by being forcibly shaved, such as burns, cuts, and bruises, fall short of the seriousness of injury that this Court has found satisfies the imminent danger standard." *Id.* at 1313. Given these holdings, we conclude that Daker has similarly failed to allege an imminent danger of serious physical injury in his complaint in this case, Daker didn't qualify for this exception to the three-strikes rule, and the district court properly dismissed his case without prejudice.

The district court also didn't abuse its discretion when it denied Daker leave to amend his complaint.  First, contrary to Daker's argument on appeal, he submitted his proposed amended complaint more than 21 days after his initial complaint, which means that he did not have the right under Fed. R. Civ. P. 15(a) to amend as a matter of course.  Second, the court properly denied leave to amend because the proposed amended complaint sought to add separate and unrelated claims against a multitude of defendants that Daker hadn't included in his initial complaint.  *See* Fed. R. Civ. P. 20(a)(2); Doc. 14 at 15.  Third, because the dismissal was without prejudice, Daker could simply have refiled an amended complaint in a new case.[2]  Therefore, the district court didn't abuse

---

[2] Contrary to Daker's assertions, the court's dismissal without prejudice wasn't tantamount to a dismissal with prejudice due to the running of any statute of limitations. *See Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993).  Rather, the court's dismissal order was issued in January 2018 and the injuries alleged in Daker's initial complaint took place in July 2017.  Therefore, assuming that the two-year statute of limitations applicable to § 1983 actions in Georgia would apply here, *see Lovett v. Ray*, 327 F.3d 1181, 1182 (11th

its discretion when it dismissed Daker's case without prejudice and denied him leave to amend his complaint.

**AFFIRMED.**

---

Cir. 2003) (per curiam), the district court dismissed Daker's case without prejudice before the statute of limitations on his claims had run.