PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/23/99
THOMAS K. KAHN
CLERK

--------------
No. 97-4516
--------------

D. C. Docket No. 97-319-CV-UUB

DANIEL C. MEDBERRY,

                                        Plaintiff-Appellant,


        versus


JOE BUTLER, in his official and individual
capacity, J. JOHNSON, in his official and
individual capacity, et al.,

                                        Defendants-Appellees.

------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
------------------------------------------------
**(August 23, 1999)**


Before ANDERSON, Chief Judge, MARCUS, Circuit Judge, and MILLS*, Senior
District Judge.

RICHARD MILLS, Senior District Judge:

---

*Honorable Richard Mills, Senior U. S. District Judge for the Central District of Illinois,
sitting by designation.

This appeal raises two issues, one of which is an issue of first impression in this Circuit.

The first issue raised is whether the "three strikes" *in forma pauperis* provision of 28 U.S.C. § 1915(g) violates the United States Constitution's guarantee against *ex post facto* laws.

The second issue raised--the one which is of first impression--is what showing must a prisoner with three strikes against him make in order to be allowed to proceed *in forma pauperis* because he is in imminent danger of serious physical injury.

We affirm.

## I. BACKGROUND

Daniel C. Medberry is an inmate in the Florida Department of Corrections who is serving a 27 year prison sentence for sexual battery. Upon arriving at the Everglades Correctional Institute on August 22, 1996, Medberry informed the prison officials of his concern of being placed in the prison's general population. Specifically, Medberry advised the prison officials that because his offense of conviction was considered to be "repugnant" by the other inmates, he feared for his physical safety if he were to be placed in the prison's general population.

Nevertheless, the prison officials placed Medberry in the prison's general population, and as predicted by Medberry, he was verbally abused and harassed by the

other inmates. The inmate's verbal assaults against Medberry, however, became physical on December 6, 1996, when members of the "Latin Kings" gang physically assaulted him and when the gang's leader threatened him with a "blade." Medberry reported the incident to the prison officials, and that same day, the prison officials placed him in administrative confinement.

After exhausting all of his administrative remedies, Medberry filed suit on February 6, 1997, in the United States District Court for the Southern District of Florida pursuant to 42 U.S.C. § 1983 against four prison officials, Joe Butler, J. Johnson, R. Ashley, and Carl Berry, in their individual and official capacities, alleging that these four individuals acted with deliberate indifference for his safety in violation of the Eighth Amendment by placing him in the prison's general population. Medberry also alleged that he had been in administrative confinement since December 6, 1996. Along with his Complaint, Medberry filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On February 10, 1997, United States Magistrate Judge Charlene H. Sorrentino entered a report and recommendation recommending that Medberry's Complaint be dismissed pursuant to 28 U.S.C. § 1915(g) because he had filed three or more suits which had been dismissed as frivolous, malicious, or failed to state a cause of action upon which relief may be granted and because he had failed to allege that he was

3

under imminent danger of serious physical injury. Medberry filed objections to Magistrate Judge Sorrentino's report and recommendation, and on March 11, 1997, United States District Judge Ursula Ungaro-Benages denied his objections and adopted the report and recommendation. On March 25, 1998, Medberry filed a timely notice of appeal and a motion to proceed *in forma pauperis* on appeal. On April 22, 1998, the district court allowed Medberry's motion to proceed *in forma pauperis* on appeal. See Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998)(noting the seeming incongruity in the district court's denying a prisoner's motion to proceed *in forma pauperis* with the district court because he was not in imminent danger of serious physical injury but allowing him to proceed *in forma pauperis* on appeal).

## II. ANALYSIS

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. Thus, if a prisoner has had three or more cases dismissed for one of these three reasons, a court must dismiss the prisoner's case.

Medberry does not deny that he has had three or more law suits dismissed as

4

being frivolous, malicious, or for failing to state a cause of action upon which relief may be granted. Rather, Medberry argues that the cases which were dismissed should not be considered in determining whether he may proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) because all of those previous suits were dismissed prior to the effective date[1] of the Prison Litigation Reform Act ("PLRA") which imposed the three strikes rule. As such, Medberry asserts that considering those cases would violate the United States Constitution's guarantee against *ex post facto* laws.

However, this Court has recently held that the three strikes *in forma pauperis* provision of 28 U.S.C. § 1915(g) passes constitutional muster. Rivera v. Allin, 144 F.3d 719, 721 (11th Cir. 1998). Specifically, this Court has held that § 1915(g)'s language makes it clear that the three strikes rule applies to claims dismissed prior to the effective date of the PLRA. Id. at 728-30 (citing cases). Accordingly, Medberry's *ex post facto* argument is without merit. See also Wilson v. Yaklich, 148 F.3d 596, 606 (6th Cir. 1998)(holding that § 1915(g) does not violate the Constitution's *Ex Post Facto* Clause).

Alternatively, Medberry argues that he falls within § 1915(g)'s exception to the three strikes rule because he is under imminent danger of serious physical injury. Medberry asserts that in his Complaint, he alleged that he feared for his life if he were

---

[1]The Prison Litigation Reform Act became effective on April 26, 1996.

forced to go onto the compound at the Everglades Correctional Institution. Therefore, Medberry claims that he has properly alleged an ongoing danger which satisfies § 1915(g)'s exception to the three strikes rule.

Exactly what a prisoner with three strikes must show in order to be allowed to proceed *in forma pauperis* because he is in imminent danger of serious physical injury is an issue of first impression in this Circuit. The three circuit courts which have addressed this issue have reached three different conclusions. In Gibbs v. Roman, 116 F.3d 83 (3rd Cir. 1997), the Third Circuit held "that the proper focus when examining an inmate's complaint filed pursuant to § 1915(g) must be the imminent danger faced by the inmate at the time of the alleged incident, and not at the time the complaint was filed." Id. at 86.

On the other hand, the Eighth Circuit held in Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998), that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." Id. at 717 (emphasis in original). Finally, the Fifth Circuit has held that

> [t]he plain language of the statute leads us to conclude that a prisoner
> with three strikes is entitled to proceed with his action or appeal only if
> he is in imminent danger at the time that he seeks to file his suit in
> district court or seeks to proceed with his appeal or files a motion to

proceed IFP.

Baños v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

We agree with both the Fifth and the Eighth Circuits that the clear language of § 1915(g) establishes that the Third Circuit's approach is incorrect. Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute. See Ashley, 147 F.3d at 717 (holding that "the statute's use of the present tense verbs `bring' and `is' demonstrates, an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of filing. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."); see also Baños, 144 F.3d at 885 (holding that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.").

However, we need not decide whether the Fifth or the Eighth Circuit approach is the proper standard to adopt because, in the instant case, Medberry has failed to meet either standard. The only allegations which Medberry makes in his Complaint that he was in imminent danger of serious physical injury were the alleged events

7

which formed the basis for his Complaint. This threat, however, had ceased prior to the filing of his Complaint, and nothing therein may properly be construed as constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger. As such, Medberry may not proceed *in forma pauperis* because he has "three strikes" against him under § 1915(g) and because he has failed to qualify under the statute's imminent danger exception.[2]

Finally, contrary to Medberry's argument, the district court did not err by failing to give him the opportunity to amend his Complaint prior to dismissing it with prejudice. Shortly after his Complaint was filed the Florida Department of Corrections transferred him to another facility. Therefore, allowing Medberry to amend his Complaint would have been futile because he could not have alleged that he was in imminent danger of serious physical injury by being placed in the general population at the Everglades Correctional Institute. Burger King Corp. v. C. R. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999)(noting that futility is an adequate basis for denying leave to amend).

### III. CONCLUSION

---

[2]We note that 28 U.S.C. § 1915(g) does not deny prisoners the right of access to the courts; it merely requires them to pay the filing fee immediately and in full rather that on an installment plan. Rivera, 144 F.3d at 723-24; Ashley, 147 F.3d at 717; Baños, 144 F.3d at 885 n. 1.

8

Therefore, the district court's decision to deny Medberry *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) is AFFIRMED.