[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16142
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 6, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02629-CV-WSD-1

WARREN SKILLERN,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF CORRECTIONS,
MEDICAL CONTRACTOR,
D/W PAUL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 6, 2006)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Warren Skillern appeals pro se the district court's sua sponte dismissal without prejudice, pursuant to the "three-strikes" provision of the Prison Litigation Reform Act ("the PLRA"), 28 U.S.C. § 1915(g),[1] of his pro se civil rights complaint, filed pursuant to 42 U.S.C. § 1983, against the Georgia Department of Corrections ("the DOC") and various DOC employees.  He contends that this dismissal was not warranted because he alleged facts demonstrating that he is under "imminent danger of serious physical injury."  For the reasons set forth more fully below, we vacate and remand.

Skillern, a Georgia state prisoner, alleged in the instant § 1983 complaint that, in December 2004, while he was in protective custody, his doctors diagnosed him with having a heart attack and hospitalized him.  After these doctors determined that he could not risk undergoing "invasive procedures," due to a "risk of death" relating to "genetic complications" in his family, they, instead, placed

---

[1]  Section 1915(g) of the PLRA provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

See 28 U.S.C. § 1915(g).

him on drug therapy. Skillern's doctors also instructed him to strictly follow this therapy "to avoid what would likely be a deadly heart attack the next time."

Skillern asserted in his complaint that, despite this instruction to strictly follow his drug therapy, and despite his complaints relating to this failure, the defendants were not providing him with his prescribed drug therapy and this failure was aggravating his heart disease. Skillern also contended that (1) the defendants had transferred him repeatedly between different prison facilities within a six-month period; (2) following each of these transfers, he had required hospitalization for dehydration, fatigue, angina pectoris, and syncope episodes; and (3) "[b]ut for an apparent attempt to kill [Skillern]," there was no reason to transfer him.

After Skillern filed a motion to proceed in forma pauperis ("IFP"), the district court entered an order, sua sponte dismissing without prejudice Skillern's § 1983 complaint. The court explained that Skillern previously had filed in the court at least 33 civil actions, including at least 3 actions that had been dismissed as frivolous, pursuant to 28 U.S.C. § 1915A.[2] The court discussed that, although

---

[2] Section 1915A provides, in relevant part, that the court, in screening a complaint in a civil action in which a prisoner is seeking redress from a governmental entity or officer or an employee of a governmental entity, shall "dismiss the complaint . . . if the complaint–is frivolous, malicious, or fails to state a claim upon which relief may be granted." See 28 U.S.C. § 1915A(a), (b)(1).

3

Skillern had not directly claimed in his complaint that he fell within an exception to the "three-strikes" provision in § 1915(g) of the PLRA by being "under imminent danger of serious physical injury," he had alleged that (1) he suffers from a heart condition, and (2) the defendants had transferred him several times in the last six months as "an apparent attempt . . . to kill him."

Nevertheless, the district court determined that, because Skillern also had alleged in his complaint that the defendants had hospitalized him after each transfer, this allegation demonstrated that the defendants had administered[3] medical treatment and were seeking to avoid placing Skillern in "imminent danger of serious physical injury." The court, therefore, concluded that the dismissal of Skillern's complaint was warranted under § 1915(g). On the other hand, the court did not address Skillern's claim that the defendants had failed to provide him with his prescribed drugs.

As discussed above, Skillern is arguing on appeal that the district court erred in dismissing his § 1983 complaint without addressing his claim that the defendants were not providing him with his prescribed drugs. Skillern contends that the court wrongly concluded that, because the defendants had hospitalized him after each prison transfer, this conduct excused the defendants' failure to prevent

_____

[3] Although the district court's order includes that the defendants "admonished medical treatment," this statement appears to be a typographical error.

4

the need for this hospitalization. Skillern also argues that the "imminent danger" exception to the PLRA's "three-strike" provision should not be interpreted to require an already injured prisoner to show that future injuries are imminent. Furthermore, for the first time in his reply brief, Skillern (1) argues that none of his prior actions, including both his tort and habeas actions, has been frivolous; and (2) asserts additional factual allegations that he failed to include in his complaint.[4]

We review de novo the interpretation of the PLRA's filing-fee provision. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). As outlined above, the "three-strikes" provision of the PLRA provides that a prisoner may not bring a civil action under the PLRA if the prisoner has filed on three prior occasions, while incarcerated, an action that was dismissed as frivolous, malicious, or for failure to state a claim, unless "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, in the absence of this exception to the PLRA's "three-strikes" provision, "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (citation omitted).

---

[4] To the extent Skillern is asserting additional allegations in his reply brief that he did not allege in his complaint, these new allegations are not relevant to our review of the district court's dismissal of his complaint. See Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.12 (11th Cir. 2005) (explaining that, "[w]hen considering a motion to dismiss, all facts set forth in the plaintiffs' complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto'") (internal quotation omitted).

Although Skillern generally contends in reply that his prior civil actions were not "frivolous," he does not contest the district court's finding that at least three of these actions were dismissed as frivolous or malicious or for failure to state a claim. Alternatively, to the extent Skillern's brief may be construed as arguing that he did not file under the PLRA at least three prior civil actions that were dismissed as frivolous, we may not consider this contention because he raised it for the first time in reply. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (explaining that issues not argued in initial brief are deemed abandoned). The only issue for our review, therefore, is whether Skillern alleged that he is under imminent danger of serious physical injury.

In Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999), we noted that a prisoner must allege a present "imminent danger," as opposed to a past danger, to proceed under § 1915(g)'s exception to the "three-strikes" provision of the PLRA. See id. at 1193. We explained that we were relying, at least in part, on Congress' use of the present tense in § 1915(g). See id. Nevertheless, we concluded in Medberry that we did not have to decide this issue because the plaintiff, in alleging that he feared for his life if he were forced to go onto the compound at a federal facility, had failed to show either a past or a present imminent danger of serious physical injury when he filed his complaint. See id. at 1192-93.

6

In Brown, we revisited the issue of what constitutes an "imminent danger of serious physical injury," in examining a prisoner's claim that prison officials were deliberately indifferent to his serious medical needs. See Brown, 387 F.3d at 1350. We determined that, although some of the specific physical conditions about which the prisoner complained might not constitute "serious injury," the issue was whether his complaint, as a whole, alleged present "imminent danger of serious physical injury." See id. We, thereafter, concluded that, viewed together, the afflictions of which the prisoner currently was complaining, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he was not treated, constituted such "imminent danger." See id.

We also explained in Brown that, although we still should affirm the district court's dismissal of the complaint if we found that the prisoner had failed to state a claim of deliberate indifference, the prisoner had stated a claim. See id. at 1351.[5] We discussed that, to show that a prison official acted with deliberate indifference,

_____

[5] We have explained in greater detail that we may affirm a decision of the district court based "on any adequate ground, even if it is other than the one on which the court actually relied." See Fisherman Against Destruction of Environment, Inc. v. Closter Farms, Inc., 300 F.3d 1294, 1296-97 (11th Cir. 2002). Moreover, the PLRA provides as follows:

Notwithstanding any filing fee, or any part therefore, that may have been paid, the court shall dismiss the case at any time if the court determines that – the action or appeal – fails to state a claim on which relief may be granted.

See 28 U.S.C. § 1915(e)(2)(B)(ii).

7

in violation of the Eighth Amendment, a prisoner must establish: (1) an objectively serious medical need, and (2) that the prison official acted with deliberate indifference to that need. See id. We explained that a "serious medical need" is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." See id. (quotation omitted). We also explained that a prisoner must establish the following three facts to establish "deliberate indifference" to a serious medical need: (1) subjective knowledge of a risk of serious harm, (2) disregard of that harm, and (3) by conduct that is more than mere negligence. See id. Applying this caselaw, we concluded in Brown that affirmance based on the failure to state a claim was not warranted because the prisoner had stated a claim of deliberate indifference by alleging that the defendants were aware of his diagnosis with HIV and hepatitis, but had withdrawn the prescribed treatment for these conditions. See id. at 1351-52.

In the instant case, Skillern alleged in his § 1983 complaint that the defendants violated his civil rights by (1) ignoring his requests for them to provide him with his prescribed drug therapy for his diagnosed heart condition; and (2) transferring him repeatedly between different prison facilities within a six-month period, with the apparent purpose of killing him. As the district court

8

concluded, Skillern's implied argument that his repeated transfers between prison facilities created an "imminent danger of serious physical injury" was belied by his additional allegations that, following each of these transfers, the defendants hospitalized him to treat his dehydration, fatigue, angina pectoris, and syncope episodes. Thus, Skillern failed to show that these transfers fell within the "imminent danger" exception to the "three-strikes" provision of the PLRA.

On the other hand, as the defendants candidly concede on appeal, the district court did not address whether a present "imminent danger" existed as to Skillern's claim that the defendants failed to provide him with his prescribed drugs for his diagnosed heart condition. Moreover, although Skillern failed to identify in his § 1983 complaint a specific constitutional violation, we liberally construe it as asserting a claim of deliberate indifference under the Eighth Amendment. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). Accepting Skillern's allegations as true, he has stated a claim of deliberate indifference by asserting that (1) during his incarceration, his doctors had diagnosed him as suffering from a heart condition, and (2) the defendants were deliberately indifferent to this condition by not giving Skillern requested drug therapy that Skillern's doctors had

9

prescribed for this condition.  See Brown, 387 F.3d at 1351.  Thus, affirmance also is not warranted on the alternative ground that Skillern failed to state a claim.

Accordingly, we conclude that Skillern failed to show that his transfers between prisons created an "imminent risk of serious bodily injury" and, thus, that the exception to § 1915(g)'s "three-strikes" provision was applicable as to that claim.  However, we vacate and remand for the district court to determine whether Skillern's remaining claim that the defendants are denying him prescribed drug therapy falls within § 1915(g)'s exception.

**VACATED AND REMANDED.**