[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15407
Non-Argument Calendar
_____

D.C. Docket No 2:14-cv-02187-VEH-JHE.


MICHAEL DARNELL OLIVER,

                                                  Plaintiff-Appellant,

versus

WARDEN,
ASSISTANT WARDEN MIREE,
CAPTAIN WHITE,
CAPTAIN BALDWIN,
SERGEANT TAYLOR, et al.,

                                                  Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 22, 2016)


Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Oliver, an Alabama prisoner proceeding pro se, appeals the district court's sua sponte dismissal without prejudice of his complaint filed under 42 U.S.C. § 1983.  Briefly stated, Oliver alleges that Defendant prison officials denied him adequate medical care, used excessive force, and subjected him to unconstitutional conditions of confinement.  The district court dismissed Oliver's complaint, pursuant to 28 U.S.C. § 1915, after determining that Oliver was a three-striker and that Oliver had failed to demonstrate he was in imminent danger of serious physical injury.  Reversible error has been shown; we vacate the dismissal and remand.

As an initial matter, Oliver has filed three or more lawsuits that have been dismissed as frivolous and, thus, qualifies as a "three-striker" under the Prison Litigation Reform Act.  As a three-striker, Oliver is barred from proceeding in forma pauperis "unless [he] is under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g).

To qualify for the "imminent danger" exception, a prisoner must first allege that he is in imminent danger when he filed his complaint: that a prisoner faced an

imminent danger sometime in the past is insufficient.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  A prisoner must also allege sufficient physical conditions, taken as a whole, to demonstrate that he suffers from -- or is in danger of suffering from -- a "serious physical injury."  Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004).

In his complaint, Oliver contends that Defendants deprived him of his twice-a-day oral and inhaled allergy medications and refused three times Oliver's requests for medical appointments.  Oliver claims that -- on several occasions -- Defendants denied him food, beat him, and threatened to kill him.  In his complaint, Oliver also alleges that he was currently being held in a cell without access to his allergy medications, clothing, personal property, a mattress, or running toilet facilities.  As a result of being denied his medications, Oliver claims he has suffered -- and continues to suffer -- chest pains, shortness of breath, coughing, fainting spells, and blurred vision.  Oliver also contends that Defendants continue to assault him and threaten to kill him.  In the light of these allegations -- which we must construe liberally, accept as true, and view as a whole -- we conclude that Oliver has demonstrated sufficiently that he was in imminent danger of serious physical injury when he filed this civil action.  See Brown, 387 F.3d at 1350.

Accepting the allegations in Oliver's complaint as true, we also conclude that Oliver has alleged sufficient factual matter to state a plausible claim for relief under the Eighth Amendment.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) ("A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference.").

Because Oliver has alleged sufficiently that he was in imminent danger of serious physical injury when he filed this suit and has alleged sufficient facts to state a plausible claim for relief, the district court erred in dismissing sua sponte Oliver's complaint.

VACATED AND REMANDED.[*]

---

[*] In concluding that Oliver's complaint was not subject to dismissal at this stage in the proceedings, we make no ruling about the ultimate merits of Oliver's claims.