[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17178
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00293-HLM

LESTER J. SMITH,

Plaintiff-Appellant,

versus

D/W/S DEWBERRY,
CAPT. SHROPSHIRE,
UNIT MANAGER AVERETT,
INMATE MITON,
GUARD PIERRE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 10, 2018)

Before WILSON, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Lester Smith, a Georgia prisoner proceeding through counsel on appeal, appeals the dismissal of his pro se 42 U.S.C. § 1983 complaint, which alleged that officials at Hays State Prison failed to protect him from being stabbed and threatened by other inmates and retaliated against him for cooperating in a federal investigation of conditions at the Georgia prison. The district court denied Smith leave to proceed in forma pauperis ("IFP") and dismissed his complaint without prejudice under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) because Smith failed to show he was under imminent danger of serious physical injury. After careful consideration of the record, we conclude Smith sufficiently alleged imminent danger, and thus we vacate the dismissal of Smith's complaint and remand this case to the district court for further proceedings.

## I. BACKGROUND

In his complaint, filed on October 3, 2016,[1] Smith alleged that in April 2016, he was stabbed in the arm by another inmate, defendant Miton, after he complained

---

[1] Smith's complaint was docketed in the district court on October 7, 2016, but is dated October 3, 2016, and is thus deemed to have been filed on October 3, 2016 by operation of the prison mailbox rule. See Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) (explaining that, under the prison mailbox rule, a pro se prisoner's pleading is deemed filed on the date it was delivered to prison authorities for mailing, which, absent evidence to the contrary, we assume was on the date he signed it).

about Miton to prison officials and that he had continued to receive threats from Miton's gang affiliates since the attack. Specifically, Smith's complaint made the following key allegations:

- "On April 27, 2016 or so, I were assaulted in [an] aggravated nature by prisoner Miton. Prior to assault (i.e. two hours prior) myself and two other inmates . . . alerted [Defendants] Dewberry . . . and Averett that inmate [Miton] posed a threat in C-2 unit. No action or inquiry were taken. I alerted the above named that I did not feel safe in the unit with Miton."
- "[P]laintiff were injured by inmate Miton as Miton stabbed plaintiff in his arm causing injury, and severe discomforting pain to date. After plaintiff received medical attention, he were sent back to C-2 building (i.e. place of incident) and threatened by Miton's gang affiliates. [The defendant prison officials] ultimately left [Smith] to fend for his own."
- "[P]laintiff were sent back to the unit (i.e. C-2) to be housed in where the assault took place, and were threatened by Miton[']s gang affiliates from C and D [buildings]."
- "Plaintiff after having been attacked were receiving additional threats from his assailants [sic] gang affiliates. H.S.P. staff were notified, thus, plaintiff were housed in another unit (i.e. Y-1-B) as a result rather than [protective custody]."
- "On September 1, 2016 or so, Plaintiff were removed from Y-1-B unit to D-1 unit as a retaliatory act" by prison officials for his cooperation in a federal investigation of conditions at Hays State Prison.
- "Defendant Dewberry [and others] were informed by plaintiff prior to housing him in D-1 bldg, that his assailants [sic] gang brothers who threatened him were housed there. Plaintiff requested to be housed elsewhere and were denied by [the defendants]. Plaintiff requested protective custody, and were denied."
- "Plaintiff were denied [protective custody] and forced in D-1 bldg. There, the unit were on temporary lockdown due to an altercation involving inmates and staff. Plaintiff received direct threats that he would be stabbed once lockdown is over with. Staff were alerted

3

verbally, and several statements submitted by plaintiff to staff. Plaintiff were denied [protective custody] again."

- "Plaintiff is in fear for his life and safety as [Georgia Department of Corrections] officials continue to put him in harms [sic] way repeatedly."

Smith also acknowledged that he had three strikes under the PLRA, but asserted that he should be permitted to proceed IFP under the imminent danger exception to the PLRA's three strikes provision.

A magistrate judge issued a report and recommendation ("R&R") recommending that Smith's request for leave to proceed IFP be denied and that his complaint be dismissed without prejudice under the PLRA's three strikes provision. The magistrate judge determined that Smith failed to allege imminent danger, stating: "Although plaintiff has received threats from other inmates and is not housed in protective custody, it appears that security has increased in his current housing unit because it is on lockdown."

Smith filed objections in response to the R&R, as well as a motion for preliminary injunction[2] and an affidavit. In his objections to the R&R, Smith maintained that he was subjected to "continued threats at this very present time," and that "[t]he security has not increased to the point where plaintiff is protected, he is still right now subject to open attacks, threats to be carried out and acted on by other prisoners in plaintiff's housing unit." Similarly, in his motion for

---

[2]Smith does not challenge the district court's denial of his motion for preliminary injunction on appeal, and we do not address it further herein.

preliminary injunction, Smith represented that he "is threatened with further harm if and when he encounters those gang members, thus, he is in imminent danger of serious bodily harm." Furthermore, in his affidavit, Smith explained that he remained at risk even during periods when his housing unit was on lockdown because prison officials could still assign one of Miton's gang members as his cellmate. Smith further averred that his current cellmate was affiliated with a branch of Miton's gang, but was as yet unaware of Smith's history with Miton.

The district court overruled Smith's objections, adopted the R&R, denied Smith's request for leave to proceed IFP, and dismissed his complaint without prejudice. The district court concluded that nothing in Smith's objections warranted rejection of the R&R and that Smith still failed to sufficiently allege a specific, imminent danger of serious physical injury.

## II. DISCUSSION

We review de novo a district court's dismissal of a complaint under the PLRA's three strikes provision. Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017). Ordinarily, "a federal litigant who is too poor to pay court fees may proceed [IFP]," meaning that "the litigant may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 135 S. Ct. 1759, 1761 (2015); see also 28 U.S.C. § 1915(a)(1). Under the three strikes provision of the PLRA, however, a federal prisoner may not:

bring a civil action or appeal a judgment in a civil action or proceeding [IFP under § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In other words, a prisoner who has three strikes is barred from proceeding IFP under the PLRA, and must pay the full filing fee at the time he files suit, unless his allegations show an imminent danger of serious physical injury.  Mitchell, 873 F.3d at 874; Coleman, 135 S. Ct. at 1761-62.

To avail himself of the imminent danger exception, a three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  In other words, the complaint "must allege a present imminent danger, as opposed to a past danger."  Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed [IFP] pursuant to the imminent danger exception to the statute.").  In determining whether a prisoner has made a sufficient showing of present imminent danger, we accept the allegations in the complaint as true and, if the complaint was filed pro se, construe them liberally.  See Brown, 387 F.3d at 1350.

6

Smith concedes that he has three strikes under the PLRA.  Thus, the only issue before us on appeal is whether Smith sufficiently alleged an imminent danger of serious physical injury, such that he should have been granted leave to proceed IFP in the district court under § 1915(g).  Accepting the allegations in Smith's complaint as true and construing them liberally, we conclude that he has.

As detailed above, Smith's complaint alleged that he suffered a violent attack from a fellow inmate and continued to receive threats of further violence from that inmate's gang affiliates.  Although Smith was temporarily transferred to a different housing unit away from these gang members, he was never placed in protective custody following the attack, and was transferred back to a housing unit with the gang members shortly before filing his complaint.  Cf. Medberry, 185 F.3d at 1191, 1193 (concluding prisoner failed to allege imminent danger because prison officials immediately placed him in administrative confinement (i.e., protective custody) after he was attacked by another inmate, thereby eliminating the threat of further injury).

Furthermore, the fact that the housing unit with the gang members was on lockdown when Smith was moved there on September 1, 2016 does not defeat the imminence of the threat against Smith.  A lockdown can stop as quickly as it began.  It is unclear from the complaint whether the September 1, 2016 lockdown still remained in effect when Smith filed his complaint on October 3, 2016.  But

even assuming Smith's unit was locked down when he filed his complaint, Smith alleged that he received direct threats that he would be harmed as soon as the lockdown ended, which could happen at any time. Additionally, as Smith pointed out in his affidavit, he remained in danger even during a lockdown due to the risk that he would be housed in a cell with a member of Miton's gang.

In sum, we conclude that Smith's sufficiently alleged an ongoing, present imminent danger of serious physical injury at the time his complaint was filed,[3] and the district court erred in denying his request for leave to proceed IFP under § 1915(g) and dismissing his complaint without prejudice. See Brown, 387 F.3d at 1349; Medberry, 185 F.3d at 1193. Accordingly, we vacate the district court's order denying IFP and dismissing Smith's complaint, and remand this case for further proceedings.

We note, however, that in concluding Smith sufficiently alleged imminent danger for purposes of § 1915(g), we make no judgment as to the merits of Smith's underlying § 1983 claims. On remand, the district court may consider the merits of Smith's claims in the first instance, after allowing the defendants an opportunity to respond to Smith's complaint.

---

[3]We note that, since filing this appeal, Smith has been transferred from Hays State Prison to the Georgia Diagnostic and Classification Prison. This transfer does not affect our imminent danger analysis, as that analysis focuses on whether Smith alleged an imminent danger at the time his complaint was filed. See 28 U.S.C. § 1915(g); Medberry, 185 F.3d at 1193. We express no opinion, however, as to whether Smith's transfer to a different facility has any impact on the underlying merits of his § 1983 claims, and leave that issue to the district court after the defendants respond to Smith's complaint on remand.

**VACATED AND REMANDED.**