[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14464
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-01007-TJC-JBT

NYKA TASSIANT O'CONNOR,

Plaintiff-Appellant,

versus

WARDEN,
Florida State Prison - Warden,
Individually & / or Officially,
Jointly & Severally,
JULIE L. JONES,
Individually & / or Officially, Jointly &
Severally,
CENTURION,
Individually & / or officially, Jointly &
Severally,
GANZALO ESPINO,
JOHN PALMER,
Individually & / or Officially, Jointly
& Severally, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 1, 2019)

Before NEWSOM, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Nyka O'Connor, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. The district court ruled that O'Connor failed to meet the "imminent danger" exception to the Prison Litigation Reform Act's "three strikes" provision, 28 U.S.C. § 1915(g), and that his claims were duplicative of claims that he raised in another pending case.

We review *de novo* the district court's dismissal of a case pursuant to § 1915(g). *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). Moreover, we may take judicial notice of our own records as well as records of inferior courts. *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 344–45, n.2 (5th Cir. Unit B 1981).

We construe *pro se* pleadings liberally. *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *cert. denied*, No. 17-370 (U.S. 2017). However, liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to

2

sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation and quotation marks omitted).

Additionally, "it is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (citation and quotation marks omitted). Claim-splitting, as this concept is known, is an offshoot of res judicata that is "concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments." *Id.* (citation omitted). A district court uses a two-part test to determine whether a complaint is duplicative of another pending complaint. It examines: (1) mutuality of the parties and their privies, and; (2) whether "separate cases arise from the same transaction or series of transactions." *Id.* at 841–42 (citations and quotation marks omitted).

The PLRA mandates that the district court screen civil cases filed by prisoners. *See* 28 U.S.C. § 1915A(a). A prisoner may not proceed *in forma pauperis* if he has, on at least three occasions, brought an action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915(g). A prisoner plaintiff with three strikes must demonstrate that he is in imminent danger of serious physical injury in order to proceed IFP. *Id.*; *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). An allegation of past imminent danger does not

3

invoke this exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). In determining whether the imminent-danger exception applies, we construe a *pro se* plaintiff's complaint liberally, accept all of the allegations as true, and view the complaint as a whole. *See Brown*, 387 F.3d at 1350.

In *Brown*, we assessed a *pro se* complaint filed by a prisoner with HIV and hepatitis. *Id.* Brown's doctor stopped his prescribed treatment, which caused Brown to suffer from "prolonged skin and newly developed scalp infections, severe pain in the eyes and vision problems, fatigue and prolonged stomach pains." *Id.* Liberally construing his allegations, and accepting them as true, we concluded that he had alleged "a total withdrawal of treatment for serious diseases," which led to an increased susceptibility "to various illnesses" and could cause "his condition [to] rapidly deteriorate." *Id.* This was enough, we held, to allege imminent danger of serious physical injury.

O'Connor's condition is similar. Like the plaintiff in *Brown*, O'Connor alleged that he had not yet received an approved surgery, the continued delay of which was likely to cause his overall physical condition to deteriorate. Further, he alleged both current complaints and future concerns about his medical condition

4

and the lack of proper treatment, and alleged specific facts showing that his medical conditions, specifically his gastrointestinal issues, were severe.[1]

Moreover, O'Connor's claims are not duplicative of claims he raised in another case pending in the U.S. District Court for the Middle District of Florida, *O'Connor v. RMC et al.*, No. 3:15-cv-1387.  The claims in each case raise similar issues but arise out of separate incidents occurring during different periods of time, at different prison facilities, and against different defendants.  For example, the complaint in this case raises claims arising from April through August 2017; *O'Connor v. RMC*, conversely, covers claims arising between April 2010 and November 2015.  Accordingly, we reverse the district court's dismissal of O'Connor's complaint and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[1] Most recently in O'Connor's series of litigation, we held that he had alleged gastrointestinal ailments that may "rise to the level of imminent danger of serious physical injury" that would permit him to proceed IFP.  *O'Connor v. Backman*, 743 F. App'x 373, 376 (11th Cir. 2018).

5