[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10979
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-00219-TCB

ROBERT L. CLARK,
Macon State Prison,

Plaintiff-Appellant,

versus

CARROLL COUNTY SHERIFF'S DEPT.,
HARALSON COUNTY SHERIFF'S DEPT.,
DONALD WILSON,
PETER JOHN SKANDALAKIS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 5, 2019)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Robert Clark, a Georgia prisoner proceeding pro se, appeals the district court's dismissal of his complaint filed pursuant to 42 U.S.C. § 1983.  Pursuant to the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), the district court dismissed without prejudice Clark's complaint. No reversible error has been shown; we affirm.

Section 1915 of Title 28 allows indigent prisoners seeking to bring suit to do so without prepaying fully applicable filing fees.  28 U.S.C. § 1915(a) and (b). Section 1915(g) -- known as the "three-strikes" provision -- denies that option for prisoners who, while incarcerated, have initiated at least three earlier lawsuits or appeals in federal court that were dismissed as frivolous, malicious, or failing to state a claim "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To qualify for the "imminent danger" exception, a prisoner plaintiff with three strikes must allege that he is in present, imminent danger of serious physical injury at the time of filing the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Here, the district court concluded that Clark had filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious, or for failure

2

to state a claim.  The district court also concluded that Clark was under no current imminent threat of serious injury.

On appeal, Clark argues only about the merits of his underlying complaint. Construed liberally, Clark's one-page appellate brief raises no challenge to the district court's determination that Clark had at least three "strikes" or to the determination that Clark had failed to allege facts sufficient to satisfy section 1915(g)'s imminent-danger exception.  "While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned."  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

AFFIRMED.