IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

DANIEL ERIC COBBLE, Reg. No. 97872-020, ) 
 ) 
Plaintiff, ) 
 ) 
v. ) Case No. 2:20-CV-31-CLM 
 ) 
ALL U.S. DISTRICT/MAGISTRATE JUDGES ) 
SERVING WITH THE COURT OF ) 
MONTGOMERY, ALABAMA, et al., ) 
 ) 
Defendants. ) 

 MEMORANDUM OPINION 
Plaintiff Daniel Eric Cobble is a prolific pro se filer who is presently incarcerated 
in the Sumter County Jail in Americus, Georgia. Cobble seeks relief under Bivens v. Six 
Unknown Named Agents, 403 U.S. 388 (1971), which allows lawsuits against federal 
officers acting under the color of federal law. And Cobble has sued a lot of federal officials 
here—i.e. “all Alabama federal judges [that have] ever dealt with me” and (apparently) the 
entire “U.S. Government.” Doc. 4 at 1. 
 Cobble’s Amended Complaint 
Cobble’s 103-page amended complaint is a mashup of handwritten pages and 
photocopies of orders from Cobble’s previous cases. Doc. 4. While much of the complaint 
is incomprehensible, the overarching theme is that the federal Government—and federal 
judges in particular—have repeatedly violated Cobble’s constitutional rights by dismissing 
his multiple lawsuits that sought placement in protective custody. Doc. 4 at 1, 8–19. The 
rest of the amended complaint asserts several medical claims (id. at 2–5, 23–26, 41–46), 
and complaints about Cobble’s conditions of confinement (id. at 27–40, 47–55), which as 
discussed in the analysis section, are designed to overcome the statutory bar against 

repeated frivolous filings. 
Cobble filed this action in the Middle District of Alabama. But other than his claims 
about adverse rulings by the judges of the Middle District of Alabama, none of Cobble’s 
claims concern events connected to, or parties residing in the Middle District of Alabama. 
Nor do any of the rulings issued by judges of the Middle District of Alabama concern 
events connected to, or parties residing in, the Middle District of Alabama. 

 Analysis 
Cobble seeks in forma pauperis status under 28 U.S.C. § 1915. Doc. 7. Two 
provisions of Section 1915 potentially warrant dismissal of Cobble’s amended complaint. 
First, Section 1915(g) precludes prisoners from filing civil actions in forma pauperis 
“if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any 

facility, brought an action or appeal in a court of the United States that was dismissed on 
the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may 
be granted, unless the prisoner is under imminent danger of serious physical injury.” This 
provision is known as the “three strikes rule.” 
Second, if Cobble’s complaint survives the three strikes rule, Section 1915(e) 

requires this court to “dismiss this case at any time” if it determines that Cobble’s lawsuit 
is “frivolous or malicious”; it “fails to state a claim on which relief may be granted”; or, it 
“seeks monetary relief against a defendant who is immune from such relief.” 28 U.S.C. § 
1915(e)(2)(B). 
So, before this case goes any further, the court must determine whether it must be 
dismissed under either of these provisions. 

I. Section 1915(g): the Three-Strikes Rule 
Section 1915(g) has two operative provisions: the affirmative three strikes rule and 
a savings clause. As explained below, Cobble’s amended complaint violates the rule and 
cannot be saved by the “imminent danger” savings clause. 
A. Three or More Strikes 
 The first question is whether Cobble “has, on 3 or more prior occasions, while 

incarcerated or detained in any facility, brought an action or appeal in a court of the United 
States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a 
claim upon which relief may be granted[.]”1 See Dupree v. Palmer, 284 F.3d 1234, 1236 
(11th Cir. 2002). Cobble easily meets this standard. 
While this is not an exhaustive list, court records establish that Cobble has filed the 

following civil actions or appeals while incarcerated, and each case was dismissed as 

1 Title 28, § 1915(e) requires the federal courts to review complaints filed by persons who are 
proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, 
fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant 
who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). “[A] complaint . . . is frivolous where 
it lacks an arguable basis either in law or in fact.” Neitzke v. Williams, 490 U.S. 319, 325 (1989); 
Hawkins v. Coleman Hall, C.C.F., 2011 WL 5970977, at *2 (3d Cir. 2011) (“An appeal is frivolous 
when it lacks an arguable basis either in law or fact.”) (citing Neitzke, 490 U.S. at 325). Under § 
1915(e)(2)(B), courts are “authorized to dismiss a claim as frivolous where ‘it is based on an 
indisputable meritless legal theory or where the factual contentions are clearly baseless.’” O’Neal 
v. Remus, 2010 WL 1463011, at *1 (E.D. Mich. 2010) (quoting Price v. Heyrman, 2007 WL 
188971, at *1 (E.D. Wis. 2007) (citing Neitzke, 490 U.S. at 327)). 
frivolous, as malicious, as failing to state a claim, or for asserting claims against defendants 
immune from suit under 28 U.S.C. § 1915(e): 

• Cobble v. U.S. Government, No. 1:18-CV-92-LAG (M.D. Ga. 2018) 
 (dismissed as frivolous); 
• Cobble v. Jones, No. 4:16-CV-362-LAG (M.D. Ga. 2016) (dismissed as 
 frivolous and for failure to state a claim); 
• Cobble v. Bloom, No. 1:04-CV-1150-SCJ (N.D. Ga. 2004) (dismissed as 
 frivolous); 
• Cobble v. David, No. 1:04-CV-560-SCJ (N.D. Ga. 2004) (dismissed as 
 frivolous); 
• Cobble v. Cobb Cty. Police, No. 1:02-CV-2821-RWS (N.D. Ga. 2002) 
 (dismissed for failure to state a claim).2 

Because Cobble has more than three offending dismissals, he cannot file this case unless 
he can show that he is “under imminent danger of serious physical injury.” 28 U.S.C. § 
1915(g). 
B. Imminent Danger of Serious Physical Injury 
As a serial filer, Cobble knows that he can avoid the three strikes rule if he can 
convince the court that he is “under imminent danger of serious physical injury.” 28 U.S.C. 
§ 1915(g). He tries to do so by cobbling together a random list of ailments and complaints 

2 This court may take judicial notice of its own records and the records of other federal courts. 
Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); United States v. Rey, 811 F.2d 
1453, 1457 n.5 (11th Cir. 1987); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999). 
Th Court also note that the listed cases are but the tip of Cobble’s litigation iceberg. In Cobble v. 
Neeley, 2018 WL 10604352 (M.D. Ga. 2018), the district court noted that “[a] search of PACER 
records reveals that [Cobble] has filed hundreds of federal cases over the years, including, in the 
Middle District of Georgia alone, eighty-nine separate cases.” Id. at *3. As a result of Cobble’s 
prolific history of filing frivolous and vexatious cases, and to curb further abuses, that district court 
sanctioned Cobble’s ability to file civil actions in that court for a period of two years (dating from 
November 1, 2018) by allowing him to file a pleading only if, on review, the court determined it 
alleged a plausible claim for relief. See id. Perhaps this Georgia-based ban is why Cobble appears 
now in the Middle District of Alabama, where none of the alleged incidents occurred. 
about his conditions; separating them into 15 “counts”; and starting nearly every count with 
some variation of the phrase, “I am in imminent danger of serious physical injury[.]” Doc. 

4 at 8, 23, 25, 27, 37, 41, 49, 55, 71, 73, 79, 83, 97, 98, 101. Here is a sampling of the 
“imminent dangers” allegedly suffered by Cobble: 
• He requires a penis transplant because of a spider bite (Count 2); 
• He requires a hair transplant because of a bad tuberculous test (Count 3); 
• He requires gym equipment to better protect himself from inmates (Count 4); 

• He needs prescription eyeglasses because his are scratched (Count 6); 
• He needs to be moved because he must listen to pop music and the screams 
 of mentally ill inmates (Count 7); and, 

• He needs to be deported because he is British nobility who has declared war 
 against the United States (Count 14). 

Doc. 4 at 23, 25, 27, 41, 49, 97. 

Merely listing allegations of danger is not enough. To trigger the savings clause, 
“the issue is whether his complaint, as a whole, alleges imminent danger of serious physical 
injury.” Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). “A plaintiff must 
provide the court with specific allegations of present imminent danger indicating that a 
serious physical injury will result if his claims are not addressed.” Abdullah v. Migoya, 
955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)) (emphasis added); May v. Myers, 2014 WL 
3428930, at *2 (S.D. Ala. 2014) (holding that, to meet the exception to application of § 
1915(g)’s three-strikes bar, the facts in the complaint must show that the plaintiff “was 
under ‘imminent danger of serious physical injury’ at the time he filed this action.”); Lewis 
v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to 
§ 1915(g)’s three-strikes rule is construed narrowly and available only “for genuine 

emergencies,” where “time is pressing” and “a threat . . . is real and proximate.”). 
The court has reviewed every one of Cobble’s claims of imminent danger and finds 
that none of them will expose Cobble to serious physical injury if this court does not 
proceed with this case. Instead, the court finds that Cobble’s pleading shows that he “is a 
seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to 
serve his ends.” Skillern v. Jackson, 2006 WL 1687752, *2 (S.D. Ga. 2006) (citations and 

internal quotations omitted). Thus, the three strikes rule precludes Cobble from filing this 
complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). See also Lewis v. 
Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (noting the imminent danger exception is 
available only “[w]hen a threat or prison condition is real and proximate, and when the 
potential consequence is ‘serious physical injury.’”); Abdul-Akbar v. McKelvie, 239 F.3d 

307, 315 (3d Cir. 2001) (“By using the term ‘imminent,’ Congress indicated that it wanted 
to include a safety valve for the ‘three strikes’ rule to prevent impending harms, not those 
harms that had already occurred.”). 
II. Section 1915(e): Mandatory Dismissal 
As explained in Part I, Cobble is statutorily precluded from filing this action under 

the three strikes rule. The court also finds that, if the three strikes rule did not apply, the 
court would still have to dismiss this case under 28 U.S.C. § 1915(e)(2). 
Section 1915(e)(2) requires dismissal, at any time, if the court determines that the 
action is “frivolous or malicious”; “fails to state a claim on which relief may be granted”; 
“seeks monetary relief against a defendant who is immune from such relief.” 28 U.S.C. § 
1915(e)(2)(B). Cobble’s Bivens claim alleges that federal judges violated his constitutional 

rights by ruling against him in previous actions and those adverse rulings have prevented 
him from entering into protective custody.3 
Federal judges, however, are entitled to absolute judicial immunity from damages 
in a Bivens action for those acts taken while the judge was acting in his judicial capacity, 
unless the judge acted in the “‘clear absence of all jurisdiction.” Stump v. Sparkman, 435 
U.S. 349, 356–57 (1978). See also Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). 

A judge is entitled to this immunity even if his acts were in error, were malicious, or 
exceeded his jurisdiction. Stump, 435 U.S. at 356; Bolin, 225 F.3d at 1239. A federal 
judge’s absolute immunity includes immunity from claims for injunctive relief. Bolin, 225 
F.3d at 1242. 
Each of the defendant judges was acting in his or her official capacity when entering 

an order adverse to Cobble, see U.S. CONST. ART. III, § 2 (“[t]he judicial power shall 
extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the 
United States and treaties[,]” and Cobble has not alleged that any judge entered an adverse 
order in the “clear absence of all jurisdiction.” Stump, 435 U.S. at 357. 

3 Cobble’s initial complaint was against all federal judges in the Middle District (doc. 1), and his 
amended complaint expands the defendant group to include all Alabama federal judges that “ever 
dealt with me at all.” Doc. 4 at 1. 
 The defendant judges are thus immune from Cobble’s claims. As a result, Cobble’s 
claims must be dismissed under 28 U.S.C. § 1915(e)(2) because they are frivolous and fail 
to state a claim for which relief can be granted. 
 ko 

 In sum, Cobble’s complaint violates the three strikes rule of 28 U.S.C. § 1915(g). 
As a result, the court denies Cobble’s application to proceed in forma pauperis (doc. 7) 
and dismisses his amended complaint (doc. 4) without prejudice. See Dupree, 284 F.3d 
at 1236 (setting forth the proper procedure for dismissing a case under $1915(g) if the full 
filing fee was not paid at the initiation of the lawsuit). 
 Because the court must dismiss Cobble’s complaint, all other pending motions 
(docs. 6 and 8) are dismissed as moot. 
 DONE and ORDERED this 2nd day of June, 2020. 

 /. gecasl Lor <— 
 COREY MAZE ¢ 
 UNITED STATES DISTRICT JUDGE