[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12956
Non-Argument Calendar
_____

D.C. Docket No. 1:20-cv-02175-TWT

WILLIE DAVIS,

Plaintiff-Appellant,

versus

CITY OF ATLANTA,
ATLANTA POLICE DEPARTMENT,
OFFICER WOODLEY BAUCHCAULT,
Atlanta Police Department,
OFFICER COSTELLO,
W/M; Atlanta Police Officer,
PUBLIC DEFENDER OFFICE,
Atlanta Judicial Circuit,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 22, 2021)

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Willie Davis, a state prisoner, appeals *pro se* from the district court's dismissal without prejudice of his complaint for misrepresenting his previous federal filings, under 28 U.S.C. § 1915(e)(2)(B), and because he had three "strikes" under 28 U.S.C. § 1915(g) and failed to pay the filing fee. Davis argues that his poor eyesight caused him to unintentionally omit his previous filings from the complaint. He also argues that he is under imminent danger, so Section 1915(g) should not apply, and the district court erred in counting one of his prior cases as a strike under Section 1915(g).

We review a district court's *sua sponte* dismissal under Section 1915(e)(2)(B)(i) for abuse of discretion. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Under Section 1915(e)(2)(B)(i), a district court must dismiss an IFP action if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). "A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (applying prior version of Section 1915(e)(2)(B)(i), then codified as Section 1915(d)).

We review *de novo* a dismissal under Section 1915(g). *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). Section 1915(g), commonly known as the "three

2

strikes" provision, provides that a prisoner may not file a civil lawsuit "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner with three strikes must show that he is in imminent danger "at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (quotation marks omitted). Accordingly, "a prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient." *Id.* at 1193. When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, we look to the plaintiff's complaint, which must be construed liberally, and accept the allegations as true. *Brown*, 387 F.3d at 1349-50. However, although courts accept the prisoner's allegations as true, they are "not required to credit conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *See Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (quotation marks omitted) (discussing the standard for reviewing whether a complaint states a claim for relief). Further, our review is not whether each specific physical condition or symptom complained of might constitute serious injury, but rather, "whether his

3

complaint, as a whole, alleges imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350.

The district court did not abuse its discretion by dismissing Davis's complaint under 28 U.S.C. § 1915(e)(2)(B)(i) because Davis misrepresented his litigation history. His explanation that this misrepresentation was due to poor eyesight is insufficient because he stated multiple times in his complaint that he had not filed previous federal lawsuits when prompted for further details.

Further, we agree with the district court that Davis has three strikes under Section 1915(g) and failed to show that he was in imminent danger at the time of the filing of his complaint. His allegations of threats at the time of his arrest are not sufficient to show imminent danger because they occurred in the past and are no longer imminent. The threats that he alleges from an Atlanta police officer and the Fulton County District Attorney's office are not imminent because he did not explain, beyond conclusory allegations, how those who threatened him could have access to the prison, and he conceded that the Warden was aware of the threats and looking into them. Accordingly, we affirm.

**AFFIRMED.**

4