[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11383
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cv-00158-JRH-GRS

WASEEM DAKER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
SCOTT L. POFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 28, 2019)

ON PETITION FOR REHEARING

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Waseem Daker petitions for rehearing of our August 7, 2019, opinion that affirmed the denial of his motion for recusal and the dismissal of his complaint. We GRANT the part of Daker's petition that challenges our determination that he waived review of the order denying his motion for recusal, but we DENY the remainder of Daker's petition and leave unchanged our opinion that affirmed the dismissal of Daker's complaint. We VACATE and WITHDRAW our earlier opinion and substitute the following revised opinion that affirms the denial of Daker's motion for recusal on the merits.

Daker, a Georgia prisoner, appeals *pro se* the dismissal of his complaint that a federal official violated his civil rights, 42 U.S.C. § 1983, and the denial of his motion for recusal. After a magistrate judge denied Daker's motion for recusal, the district court dismissed Daker's complaint with prejudice after determining that he was ineligible to proceed *in forma pauperis* with three actions or appeals that counted as strikes against him under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). We affirm the denial of Daker's motion for recusal and the dismissal of his complaint. But because a prisoner disqualified from proceeding as a pauper under section 1915(g) should have his complaint dismissed without prejudice, we vacate the order of dismissal and remand with instructions for the district court to dismiss Daker's complaint without prejudice.

2

The magistrate judge did not abuse his discretion by refusing to recuse from Daker's case. Daker alleged that the magistrate judge was biased or prejudiced against him. 28 U.S.C. § 144. But neither the magistrate judge's adverse rulings, *see United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004), his familiarity with Daker's litigation, or his statement about sanctioning Daker for frivolous filings, *see Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000), manifested any partiality or antagonism against Daker. "[J]udicial remarks . . . that are critical or disapproving of, or even hostile to, . . the parties, or their cases, ordinarily do not support a bias or partiality challenge" unless "they reveal an opinion that derives from an extrajudicial source . . . ." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The remarks Daker complained of revealed no personal bias.

The magistrate judge also did not abuse his discretion by denying Daker's motion to recuse every district court judge in the Southern District of Georgia. Daker alleged that, "due to the close working relationship between the judges and the Clerk, the judges are likely to have bias in favor of the Clerk" or appear to be biased. 28 U.S.C. § 455. "A charge of partiality must be supported by some factual basis" and not simply "be based on 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999). Daker's conjecture that the district court judges might be, or might appear to be, partial was insufficient to warrant their recusal.

3

The district court did not err by dismissing Daker's complaint on the ground that he was ineligible to proceed *in forma pauperis*. The Prison Litigation Reform Act bars a prisoner from proceeding as an indigent if he "has, on 3 or more prior occasions, while incarcerated . . ., brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Three of the five actions and appeals relied on by the district court—*Daker v. Nat'l Broad. Co.*, No. 15-330 (2d Cir. May 22, 2015); *Daker v. Warren*, No. 13-11630 (11th Cir. Mar. 4, 2014); and *Daker v. Mokwa*, No. 14-cv-395 (C.D. Cal. Mar. 19, 2014)—qualified as strikes. In *National Broadcasting*, the Second Circuit dismissed Daker's appeal on the ground that "it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)," which is the definition the *Neitzke* Court gave "a complaint . . . [that] is frivolous," *id.*  In *Warren*, we expressly dismissed Daker's interlocutory appeal on a "find[ing] that [it] [was] frivolous." And in *Mokwa*, the district court dismissed Daker's "amended complaint . . . as frivolous and for failure to state a claim," after which the Ninth Circuit dismissed Daker's "appeal [a]s frivolous," *Daker v. Mokwa*, No. 14-55653 (June 11, 2014). Although the dismissal without prejudice of two civil actions that Daker filed in the Northern District of Georgia—*Daker v. Robinson*, No. 12-cv-00118, and *Daker v. Dawes*, No. 12-cv-00119—did not count as strikes because they were dismissed for failure

4

to pay a filing fee, Daker already had accumulated the requisite three strikes to deny his motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g).

Daker argues that he is entitled to proceed as an indigent under the exception for a "prisoner [who] is under imminent danger of serious physical injury," *id.*, but we disagree. Daker never alleged in his complaint that he faced "a present imminent danger to proceed under section 1915(g) . . . ." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). Daker alleged that the Clerk violated his rights by returning his civil complaint on the basis that venue was incorrect. One year later, Daker moved to amend his complaint to add a claim of imminent danger in response to the magistrate judge's recommendation to dismiss Daker's complaint. Daker did not seek written consent from the Clerk or request leave to amend his pleading, and the district court did not consider Daker's motion to amend. *See* Fed. R. Civ. P. 15(a). And Daker failed to allege "a present imminent danger" in his proposed amended complaint. Daker alleged that he had been exposed to fecal matter, received inadequate dental care, and had been denied outdoor exercise, but those hardships did not endanger Daker. Daker's allegation that using unsanitary and damaged clippers on his beard might increase his risk of contracting an infectious disease was too speculative to constitute imminent harm. And Daker's allegations that he had been denied medication and treatment for nerve damage and

5

weight issues related to events in the past, which do not qualify for the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Daker challenges the constitutionality of section 1915(g), but his arguments fail. Section 1915(g) does not infringe on a prisoner's freedom of speech under the First Amendment because denying a prisoner the right to proceed *in forma pauperis* does not censor what issues he can litigate. Daker argues that section 1915(g) violates his right to access the courts under the First Amendment and his right to equal protection under the Fifth Amendment, but those arguments are foreclosed by *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), *abrogated in part on different grounds by Jones v. Bock*, 549 U.S. 199 (2007) (exhaustion). In *Rivera*, we held that section 1915(g) does not thwart prisoners from having "adequate, effective, and meaningful" access to the courts "to prevent grave bodily harm," *id.* at 724, or violate a prisoner's right to equal protection because requiring the payment of a reasonable filing fee bears a rational relation to the legitimate governmental interest of deterring frivolous litigation, *id.* at 727–28. *Rivera* does not conflict with *Procup v. Strickland*, 792 F.2d 1069, 1071, 1074 (11th Cir. 1986), in which we held that a district court could not prohibit a prisoner from filing a *pro se* complaint, or with *Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 518 (11th Cir. 1991), in which we held that a district court could not deny a prisoner *in forma pauperis* status prospectively.

The district court erred by dismissing Daker's complaint with prejudice. "[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g)." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). That error requires us to vacate the order of dismissal and to remand the case for the district court to dismiss Daker's complaint without prejudice.

We **AFFIRM** the denial of Daker's motion for recusal. We also **AFFIRM** the dismissal of Daker's complaint, but we **VACATE** the order of dismissal and **REMAND** with instructions for the district court to dismiss the complaint without prejudice.